THE STATE *v.* CHARLES CAMMEYER et al.*

The Judge of the District Court was requested to charge the jury that.the facts, as sworn to, did not constitute larceny.  *By the Court:*  the jurisdiction of the Supreme Court extends to criminal cases, on questions of law alone, and if we were to examine the facts on which the jury found the verdict, in order to determine whether the Court below erred in refusing to charge them that those facts did not constitute larceny, we would certainly be exceeding our jurisdiction, and deciding on the facts as well as the law.  The facts proved in a cause constitute a basis for presumptions which can only be drawn by the jury, who are the legitimate judges of the law and fact in the finding of a general verdict, the only restraint on them consisting in the power of the Judge to set aside their verdict, when it is contrary to the law or the evidence.

APPEAL from the First District Court of New Orleans, *Larue*, J.   *Morse*, Attorney General, for the State.   *Dufour*, for defendant.

* The case of the *State* v. *W. B. Kinney et al.*, involving the same point, was decided on the same argument.

OGDEN, J. The defendants were indicted and convicted of the crime of larceny, and have brought the case before this Court on appeal, by a bill of exceptions, which is in the following words:

"Be it remembered, that on the trial of this cause, *Alfred Higgins*, the principal witness for the State, having testified mainly as is contained in the annexed statement drawn by the Judge, the counsel for defendants requested the Court to charge the jury that the facts, as sworn to, did not amount, in law, to larceny; but the Judge refused said charge, and gave the following, as the law, to the jury: "It is necessary, in order to constitute larceny, that there should be a felonious taking, and that may be properly thus defined: 'the taking and carrying away are felonious when the goods are taken against the will of the owner, either in his absence, or in a clandestine manner, or where possession is obtained by force or surprise, or by any trick, device, or fraudulent expedient, the owner not voluntarily parting with his interest in the goods, and where the taker intends, in any such case, fraudulently to deprive the owner of his entire interest in the property against his will. Whether, in this case, there has been such felonious taking, the jury must determine, from the facts proved."

The counsel for the defendants has argued in this Court, that the facts, a statement of which, signed by the Judge of the Court below, comes up with the record, do not constitute the crime of larceny, resting his hopes of reversing the finding of the jury, upon a distinction which he has drawn between the obtaining of the mere possession of the thing by artifice and deceit, and the case where the owner is induced by fraudulent representations, to part both with the property and the possession of the thing, in the latter of which cases he has produced numerous authorities, by which it has been adjudged there is no larceny.

The Court below was not requested to charge the jury that such a distinction existed, but was requested to charge them that the facts, as sworn to, did not amount in law to larceny. The jurisdiction of this Court extends to criminal cases on questions of law alone, and if we were to examine the facts on which the jury found the verdict, in order to determine whether the Court below erred in refusing to charge them that those facts did not constitute larceny, we would certainly be exceeding our jurisdiction, and deciding on the facts, as well as the law. The facts proved in a cause constitute a basis for presumptions which can only be drawn by the jury, who are the legitimate judges of both law and fact. In the finding of a general verdict, the only restraint over them consisting in the power of the Judge to set aside their verdict, when it is contrary to the law or to the evidence. The Judge of the Court below being satisfied with the verdict of the jury, the only power we have is to correct any errors of law which may have been committed. . No such instructions to the jury were asked in the Court below, as to present a question of law alone for our decisions.

If the counsel for the prisoner had requested the Court to charge the jury that if they believed, from the evidence, the prosecutor had been induced by the fraudulent representations of the defendants to part both with the property and the possession of the thing, and had actually so parted with it, they were bound to find a verdict of not guilty; then the question of law involved would have been presented to us by the refusal of the Court to give the charge, but we have no jurisdiction over, and are not permitted to examine into the general facts of the case. These principles have been before decided in the following cases: *State* v. *Fant*, 2d Ann., 838. *State* v. *Bogan*, ibid 839.

40

THE STATE
v.
CAMMEYER.

We have attentively considered the charge which the Judge did give the jury, and which was excepted to, and we are of opinion it is a clear and correct exposition of the law, and that no error has been committed. The judgment of the Court below is, therefore, affirmed, with costs.

*Roselius* applied for a re-hearing :

Is it possible that it can be seriously denied that the question, whether a certain state of facts—in relation to which there can be no dispute or controversy, constitutes the crime of larceny or not—is purely one of law? It would certainly be difficult for the wit of man to devise a question more exclusively and absolutely of law. Where, let me ask most respectfully, is the *question* of fact involved in this proposition? There is not, and there cannot be any *question* of fact, for the plain reason that all the facts established by the evidence are not and cannot be controverted, because, they are attested under the signature of the District Judge, and incorporated in the bill of exceptions. It is therefore clearly a mistake to say that "the Court is called upon to *give a decision on the facts as well as the law.*" The Court is simply called upon to decide that which, under the Constitution, it is bound to decide, what is the operation of the criminal law on the subject of larceny on the facts ascertained and admitted. That the court must apply the law to this state of facts, is true; but human ingenuity has not hitherto been able to propound any question of law in which the same thing had not to be done. Such a thing as a question of law without reference to a given state of facts, is a legal impossibility. When we say that a case presents a question of law alone, we do not mean to say that it is unconnected with any facts, for that would be a gross and glaring absurdity; we only mean to say that there is no dispute or *question,* as in the case at the Bar, about the facts. It is evident to every mind that there can be no *case* without facts, for the state of facts constitute the *case.* Hence it follows as an inevitable consequence that, if this case does not present a question of law which can be revised as presented by this record, no other criminal case can ever be brought before this tribunal, in which its appellate jurisdiction can be exercised; and thus one important—nay, the most important—branch of that jurisdiction is lopped off.

It is said that the view taken by the Court is sanctioned by two decisions of the late Supreme Court, namely—the case of the *State v. Fant,* (2d A., 838,) and that of the *State* v. *Bogan,* (ibid, 839.) But an examination of those cases will show that that Court never decided the point supposed. Indeed, there is not the remotest analogy between them and that now before the Court. In the first of those cases, the only point decided was that the District Judge could not be compelled to make a statement of facts, and that the appellate jurisdiction of the Supreme Court in criminal cases can only be exercised on a bill of exceptions, as in cases of writs of error. And the second case, which immediately follows the first, only reiterates the same point.

The decision is, therefore, destitute of any support, either in principle or authority, and I have little or no doubt that your honors will reconsider the case and correct the error which has been committed. In conclusion, I would respectfully ask the Court not only to grant a re-hearing, but to give a decision at the same time on the merits of the case, for, otherwise, the injury inflicted by the error of the Court will be irremediable. All the defendants are in prison, and cannot obtain their release until their illegal conviction is set aside by the judgment of this Court, or by the expiration of the term of their sentence.

OGDEN, J. (SLIDELL, C. J., and CAMPBELL, J., absent.) An application for re-hearing having been made in these cases, we have considered the reasons, and are satisfied with the judgment pronounced. We think no stronger illustration could be afforded of the correctness of it, that in passing on the question presented by the refusal of the Judge below to charge the jury that the facts proved did not establish the crime of larceny, we would be deciding a question of fact and not of law, than by quoting a portion of the opinion of the Judge in refusing a motion for a new trial, which is in these words : " It is useless to go into an examination of cases, in which it has been decided that it was not theft where the owner has sold his property, either for cash or on credit, however

<div style="float:right"></div>

much such purchasers may have been induced by the false pretence of the purchaser, and in which the purchaser has absolutely taken the property without paying or being able to pay for it, because no case of that kind can apply to the present. *Hines* sold one hundred and eighty-four ounces and some pennyweights of gold dust, and no more, if he sold them at all, which the testimony does not establish. If they took then from him two hundred and forty instead of one hundred and eighty-four, it cannot be presumed he had parted with the possession of the fifty-six ounces with his full consent at all. This is a fact which the jury are to determine—a fact which they did determine, and I do not choose to disturb their verdict."

Re-hearing refused.