State vs. Barker.

---

No. 11,508.

STATE OF LOUISIANA VS. LUCIUS BARKER.

Two of the jurors drawn for the term deposed on their *voir dire* that they would
   not convict on circumstantial evidence.
They were properly ordered to stand aside.

The trial judge committed no error in excluding jurors from the panel who are unwilling to convict on legal evidence.

The trial judge ruled that the evidence did not prove that the deceased made a hostile demonstration against the accused.

The required foundation not having been laid, proof of communicated threats by the deceased against the accused was not admissible to rebut malice and reduce the grade of the offence.

McNeely, 34 An. 1022, and the Cooper case, 32 An. 1085, cited as in point, were dependent upon particular facts and circumstances not involved in this case.

Questions of law previously passed upon were reiterated in the motion for a new trial.

The questions of law were decided.

Those purely of facts are not reviewable on appeal.

APPEAL from the Eleventh Judicial District Court, Parish of St. Landry. *Perrault, J.*

*M. J. Cunningham,* Attorney General, *E. B. Dubuisson,* District Attorney, for the State, Appellee:

Where there is no proof of any overt act or hostile demonstration of the deceased upon the slayer at the time of the killing, evidence of prior threats is irrelevant and inadmissible. 45 An. 846; 44 An. 950; 43 An. 840; 42 An. 753; 39 An. 817; 38 An. 22; 37 An. 443, 489, 644, 782, 896; 33 An. 1087; 30 An. 340; 6 An. 422; Bishop's Crim. Procedure, 1st Ed., Vol. 2, Sec. 617; Bishop's Crim. Procedure, 3d Ed., Vol. 2, Secs. 619 and 620; Wharton's Crim. Evidence, 8th Ed., Secs. 68 and 757.

The overruling of a motion for a new trial will not be considered on appeal when the grounds of the motion are that the verdict is contrary to the law and the evidence, or when no question of law is presented for determination.

In passing sentence in cases not capital, it is not a necessary formality to ask the prisoner if he has anything to say why sentence should not be passed upon him. Bishop's Crim. Proceedings, 3d Ed., Vol. 1, Sec. 1293; Wharton's Crim. Pleadings and Practice, 9th Ed., Sec. 906; State vs. Shields, 33 An. 991; State vs. Atkins, 33 An. 1253; State vs. Taylor, 27 An. 393; State vs. Bradley, 30 An. 326.

Even in cases where it is necessary its omission does not entail a new trial, but simply remands it for proper sentence. *Idem.*

A juror who positively asserts that he will not convict on circumstantial evidence is not competent.

Should the judge err in maintaining the challenge of a juror for cause by the prosecution, this of itself will not afford defendant who has not exhausted his peremptory challenges a legal ground of complaint. State vs Lewis, 41 An. 590; State vs. Creach, 38 An. 480, and authorities quoted.

*John N. Ogden* and *R. Lee Garland* Attorneys for Defendant and Appellant:

This court, in the case of the State vs. McNeely, 34 An. 1022, has laid down as a principle of law, that where the State has shown particular actions and declarations of the accused for the purpose of establishing malice, the accused will be permitted to prove the dangerous character of the deceased in connection with previous threats made by him against the accused, to '' rebut the presumption of malice and to mitigate the offence charged.''

In 32 An. 1084, State vs. Cooper, it is held that '' had the evidence (prior threats) been offered by the defendant to rebut the presumption of malice sought to be established by the State, by proof of the previous difficulty, inasmuch as such proof had been made by the State for that avowed purpose, it would certainly have been competent for the defendant to have shown the particulars of that difficulty, with a view of showing his justification and his freedom from malice.''

Defendant complains that in these proceedings, wherein the indictment was for a capital offence, he, the prisoner, when sentenced, was not asked whether he had anything to say why the sentence should not be pronounced. 33 An. 1255.

The opinion of the court was delivered by

BREAUX, J. The accused was indicted for murder.

From a sentence of the court based on a verdict of a jury convicting him of the crime charged, without capital punishment, he has taken this appeal.

He complains of error in the rulings of the trial judge.

ORDERING TWO OF THE JURORS TO STAND ASIDE.

The first bill of exceptions contains the recital that, while empaneling the jury two of the regular jurors were ordered by the

court to stand aside, because they stated when examined on their *voir dire* that they would not convict on circumstantial evidence; "that almost immediately after they were told to stand aside, and before they had left the court house, the accused through his counsel announced to the court that circumstantial evidence would cut no figure in the case, as accused admitted the killing and pleaded justification, and requested as of right that said two jurors be called back and pronounced competent."

The following are the grounds of refusal forming part of the bill of exceptions:

" 1. Because a juror who will not convict on circumstantial evidence in a capital case is incompetent.

" 2. Because no injury resulted to defendant in consequence of the juror being ordered to stand aside, his right being one of rejection and not one of selection.

" 3. Because the discretion vested in the court in such matters is not reviewable in the absence of injustice."

The court's ruling in ordering these jurors to stand aside had something about it of the final.

Large discretion is necessarily entrusted to the trial judge in selecting jurors.

In entering the order discharging the jurors from service on the panel in this case there was no violation of law.

The number to select from was not thereby illegally reduced.

" It is a settled rule of practice that some prejudice to the appellant, resulting from the rulings of the trial court in organizing the jury, or at least some infringement of statutory provisions relating thereto, must be shown before an appellate court will review the proceedings of the court below." Thompson and Merriam on Juries, p. 297.

No prejudice to the appellant is shown.

The trial court commits no error in excluding a juror on his *voir dire* who is unwilling to be governed by the rules of evidence adopted for the proper trial of cases and the maintenance of public justice.

There are very few cases in which all the evidence is purely positive.

There should be a verdict of conviction wherever there is legal evidence establishing the guilt of the accused.

51

Circumstantial evidence is legal evidence, and a juror subjects himself to a discharge who will not convict on legal evidence.

### OVERT ACT AND COMMUNICATED THREATS.

The second bill of exceptions was taken to the court's ruling on the following state of facts.

During the progress of the trial a witness testified that at the moment of the difficulty he saw the deceased make a motion as if to draw a pistol on the accused.

The accused, through counsel, sought to sustain the credibility of his testimony by the evidence of a number of highly reputable witnesses of the neighborhood, who testified that his character for truth and veracity is good.

A co-defendant of the accused and the accused himself testified that they saw the witness motion as if to draw a pistol.

The accused also sought to sustain his credibility as a witness by evidence of good character for truth testified to by a number of witnesses of standing in the community.

This evidence was followed by the offer to prove that a short time before the homicide threats had been made by the deceased against the accused, and that these threats had been communicated to the accused.

The contention on the part of the defence was that the overt act had been proved; that the testimony of communicated threats was admissible to rebut the presumption of malice charged, and to reduce the grade of homicide.

The trial judge excluded the testimony:

"Because in the opinion of the court it was proved beyond a reasonable doubt (by a preponderance of evidence) that the deceased made no hostile demonstration or overt act toward the accused at the moment of the shooting, the evidence showing that the accused fired on the deceased, striking him in the back, whilst deceased was in conflict with the brother of the accused, being on the ground and the deceased holding him down."

The testimony of the witnesses is not before us. We have, for the purpose of the ruling, the statements forming part of the bills of exceptions. They are direct and positive that there was no overt act by the deceased against the accused. That method of bringing up the proof for review has been followed in a number of cases, and

State vs. Barker.

in the absence of testimony showing error on the part of the trial judge it has been repeatedly held that his findings of the facts, in this respect, shall be taken as true. The questions are of fact and law. The point of law can arise for review only after all the facts upon which it is dependent have been submitted for our decision.

Whenever the facts are incomplete, of the overt act, under well established jurisprudence, we must give weight to the summary or conclusions of the trial judge.

In the case at bar, the accused urges that his testimony, that of a bystander during the difficulty, and of his co-defendant is more than an equivalent to the statement of the trial judge, based on the testimony of a number of witnesses who were also present at the difficulty.

Until a feasible method is devised to bring up for review on appeal all the testimony, that in behalf of the accused to prove, and that of the State to disprove, the overt act, this court must follow the well established precedent.

The principle was stated in the case of the State vs. Harris, 45 An. 842.

In the case of State vs. Christian, 44 An. 954, the doctrine announced previously in a number of cases was reaffirmed "wherein it is declared that whether or not a proper foundation has been laid for the introduction of evidence of the dangerous character of the deceased is a matter to be decided by the trial court, where ruling in such matters will not be reversed unless manifestly erroneous."

In State vs. Wilson, 43 An. 841, the same principle is announced.

In State vs. Cosgrove, 42 An. 754, the trial judge stated that "the only overt act proved against deceased at or about the time of the killing consisted in his having shaken his finger. This statement does not disclose any overt act on the part of the deceased as, taken in connection with the prior threats, justified the defendant in believing that the deceased was then and there about to carry the threats into execution, and that his life was in such apparently imminent danger as to justify him in taking his adversary's."

To the same effect is State vs. Brooks, 39 An. 821.

In State vs. Spell, 38 An. 22, the following emphatic language is employed: " We will not do the injury to the district judges of the

State of supposing, with counsel for the accused, that any one of them can be found, so devoid of all sense of duty as to secure conviction of an accused by designedly excluding testimony which might be favorable to him. If there be such a judge, his case should be dealt with in other proceeding, for which the Constitution has made ample provision. * * * The rule laid down in the Ford case was not without precedent, and it has been subsequently followed by this court.'' Citing State vs. Labuzan, 37 An. 490; State vs. Janvier, 11 An. 644.

The court in all those cases held that the question was within the discretion of the trial judge.

In State vs. Kerwin, 37 An. 784, the court says, when passing upon the point: '' The ruling of the judge was not arbitrary, but was the exercise of a sound legal discretion, based upon a careful review of the whole evidence, and when that is the case we are bound to take his ruling as conclusive.''

In State vs. Jackson, 33 An. 1087, the court confined the consideration of the dangerous character of the deceased as a ground of defence to the facts as stated in the bills of exception.

In passing from this point we desire to state that conclusions and statements will not prevail against testimony in behalf of the defendant showing inconsiderate ruling.

The purport of and extracts from the testimony of the witnesses relied upon as justifying a conclusion or statement should be incorporated by the trial judge in the bill of exceptions.

### To Reduce the Grade of the Homicide.

If not admissible to show that the defendant had reason to believe that he was in imminent danger of bodily harm and that a hostile demonstration on the part of the deceased justified him in the killing, the counsel for the defendant argues that it was admissible to rebut the presumption of malice sought to be proved against his client, in order to reduce the grade of the homicide.

Having concluded that the testimony was not admissible to justify the killing, as contended, we will consider the next proposition—that relating to reducing the crime charged from murder to manslaughter. As an independent proposition, the accused can not under the law, in order to rebut the presumption of malice and to mitigate the offence charged, be permitted to introduce evidence over a well

grounded objection that foundation had not been laid to enable him to prove communicated threats.

The cases to which we are referred are exceptional in this respect.

The State had been permitted to prove actions and declarations of the accused which had preceded the homicide for the purpose of showing premeditation and malice.

Thus in the cited case of State vs. McNeely, 34 An. 1022: the accused, in the morning, a number of hours prior to the homicide, had shot at the deceased. This by the court was permitted to be proved to establish malice. The facts in this respect bear some similarity to those in State vs. Cooper, 32 An. 1085.

The court expressly states in the McNeely case that the ruling was confined to the facts and circumstances of that case.

. The organ of the court in the latter case was the organ of the court in the Spell case, in which the principle was announced that the question of overt act and proof of communicated threats was largely within the jurisdiction of the trial judge, thus emphasizing the fact that the decision in the McNeely case was dependent upon the particular facts and circumstances of that case.

In the case at bar the record does not disclose that the State sought to prove prior acts or declarations of the accused in order to show malice on his part.

We are strictly confined to a consideration of the facts as stated in the bills of exception signed by the judge. They establish that there was a fight, during which the accused killed the deceased.

It is not shown that any testimony of acts or declarations prior to the difficulty which resulted in the killing was admitted.

To rebut the malice charged under these circumstances, the accused can not be permitted to prove communicated threats from deceased without having first laid the foundation requisite, by proving an overt act of the deceased against the accused.

The general rule upon that subject is established by a number of decisions.

The case at bar falls entirely within the general rule.

### MOTION FOR A NEW TRIAL.

On the motion for a new trial it is urged that on the preliminary examination the court admitted the accused to bail for the reason that malice had not been shown.

That having, on the preliminary examination, pronounced the offence manslaughter, he should not have refused to admit the evidence which would in all probability have caused the jury to reach the same conclusion.

It is also stated on behalf of the accused, in the bill of exception overruling the motion for a new trial, that there were irregularities on the trial prejudicial to the accused.

The trial judge incorporates the statement in the bill that the accused was admitted to bail, after preliminary examination, on a different state of facts from that proved on the trial, and that no irregularities came within the knowledge of the court.

The questions of law relate to the admissibility of the testimony to prove communicated threats by the deceased against the accused. They were decided in passing on other bills in this case before reaching the motion for a new trial. The questions of facts presented by his motion for a new trial are not reviewable by this court.

There were other grounds of defence brought up by bills of exception in the record.

Counsel for the accused, in his carefully prepared brief, has not presented any argument in their support. We presume that they were abandoned by the defence. We have, nevertheless, given them consideration, and conclude that they also present no ground to reverse the action of the District Court.

Judgment affirmed.