State vs. Moreau et als.

---

### No. 12,623.

### STATE OF LOUISIANA VS. GUSTAVE MOREAU ET ALS.

This court, not informed of the evidence adduced on behalf of the defense must necessarily rely upon the statement of the trial judge that testimony for the State offered in rebuttal is of that character.

Not the province of this court to reverse juries in criminal causes on questions of fact.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry.  *Dupré, J.*

---

*M. J. Cunningham,* Attorney General, *R. Lee Garland,* District Attorney, for Plaintiff, Appellee.

---

*John N. Ogden* for Defendants, Appellants.

---

Submitted on briefs December 18, 1897,
Opinion handed down December 28, 1897.
Rehearing refused January 24, 1898.

---

The opinion of the court was delivered by

BLANCHARD, J.   The accused, Gustave Moreau and Cleophas Moreau, were indicted jointly for the larceny of a cow, convicted

and sentenced to penal servitude for twelve and eighteen months respectively.

A witness for the State, called to the stand in rebuttal, was asked: " Can you make the brand with which the cow was branded? "

Objection was raised that this was not evidence in rebuttal.

The District Judge, in overruling the objection, states the answer sought to be elicited by the inquiry was in rebuttal. This court, not informed of the evidence adduced on behalf of the defense, must necessarily rely upon the declaration of the trial judge that testimony of the State offered in rebuttal was of that character.

However, considering the statement in the bill of exceptions, we are of opinion that the answer sought by the question was clearly in rebuttal, and that it was not amenable to the further objection, urged by the defense, that it was not the best evidence of the fact sought to be established.

Nor can we disturb the verdict on the grounds set up in the bill of exceptions reserved to the ruling of the court below, denying the motion for new trial. These grounds were that the verdict was contrary to the law and the evidence. The trial judge was familiar with the facts of the case; he had seen and heard the witnesses.

As has been repeatedly held, this court will not interfere with such rulings, unless manifestly erroneous. We repeat this with some emphasis. The facts and circumstances set up in the lengthy motion for new trial were urged as defense, and were all before the jury, who, after weighing the same, brought in a verdict of guilty.

It is not our province to reverse juries, in criminal causes, on questions of fact, and no question of law appears in regard to which there was error on the trial below.

Judgment affirmed.