No. 12,951.

## STATE OF LOUISIANA VS. LUM WILLIAMS.

Questions of fact occurring in the course of the trial in the court below, and which are therein assigned as error by counsel for the accused, are not examinable in the Supreme Court.

ON APPEAL from the Ninth Judicial District Court for the Parish of De Soto.  *Hall, J.*

*M. J. Cunningham*, Attorney General, and *J. B. Lee*, District Attorney, for Plaintiff and Appellee.

*J. D. Roach* for Defendant and Appellant.

Submitted on briefs November 26, 1898.
Opinion handed down December 5, 1898.

The opinion of the court was delivered by

WATKINS, J. The defendant was charged with and found guilty of the crime of incest, and sentenced to imprisonment in the penitentiary for the period of fifteen years, and from the verdict and sentence he prosecutes this appeal.

In the court below deiendant's counsel, *ex industria*, filed an assignment of errors and retained one bill of exceptions; and in this court he has filed a plea of prescription, and also a plea to the jurisdiction of this court.

The charge of the bill of indictment is, that the defendant, on the 18th of May, 1898, " then and there being the father of Mary Williams, and within the prohibited degree, did unlawfully and feloniously and knowingly cohabit with the said Mary Williams, without marriage, the same being prohibited, and commit the crime of incest," etc.

As the record shows that the indictment was returned into court and filed therein upon the 4th of August, 1898, it is clear that the pleas of prescription of six and twelve months which are leveled at the indictment are not sustainable on the face of the same; and it is manifest from the extract which we have made from the indictment that this court possesses jurisdiction of the prosecution.

But the trend of counsel's argument is, that the testimony adduced at the trial tended to show that the crime, if any was committed by the accused, was committed while the parties to the criminal act resided in the State of Texas, and therefore beyond the jurisdiction of the court of first instance; or, if within its jurisdiction, then that the testimony showed that such acts were committed more than twelve months prior to the finding of the indictment.

This, we take it, is the purport of the first paragraph of the bill of exceptions, though it is somewhat inartistically drawn.

The second paragraph is to the effect that the trial judge erroneously allowed a verdict to be entered " on the testimony of Savannah Williams, whose declarations were at variance with the charge of the court as to time, place and residence," etc.

To this bill of exceptions the judge appends the statement that " the verdict was not, so far as the court knows, based upon (the testimony) of Savannah Williams, as there was ample evidence to support the verdict exclusive of hers."

This declaration satisfactorily disposes of the defendant's bill of exceptions.

The assignment of errors which was filed in the court below presents no question of which this court can take cognizance, as they appertain exclusively to matters *dehors* the record, and have particular pertinency to the testimony which was adduced before the jury *vel non*.

The two motions for the allowance of a new trial proceed somewhat upon the same line, and further assign the discovery of new and additional evidence; but the defendant's counsel did not make the evidence relied upon as having been newly discovered a part of the record by annexing same to a bill of exceptions taken and reserved to the ruling of the judge, and for that reason we decline to consider and pass upon the same.

On the state of the record as presented there is no relief which we can give to the accused.

Judgment affirmed.