The opinion of the court was delivered' by
Breaux, J.
The defendants, James Scanlan and James Brown, were-jointly indicted by the Grand Jury of the Parish of Orleans, on the seventh day of July, 1899, for killing- John Untereiner in that parish, on the seventeenth day of June, 1899.
Counsel for the defendant, James Scanlan, presented a motion to the court for a severence, which was overruled on the eighth day of February, 1900. Defendant, Scanlan, through his counsel, reserved a bill of exceptions to the ruling of the court.
On the twenty-sixth day of March, 1900, the defendants were placed on their trial; and immediately, thereafter, James Brown filed a motion for a severence. On this motion, the court ordered a severence to be-granted.
The State, and the defendant, Scanlan, being ready for trial, the jurors were empanelled, and the case against this defendant was heard.. The .accused was found guilty of murder without capital punishment. The defendant presented a motion for a new trial, substantially, on the ground that the verdict was contrary to the evidence, as it was shown that this defendant did not fire the fatal shot, but his co-defendant did;, that the State had not alleged and had not shown that any .conspiracy existed between the defendants, and his mere presence at the crime did not render him guilty of the crime charged; that the witnesses for the-State were unreliable, and unworthy of belief; that the testimony of the coroner, a witness for the State, showing where the deceased was-. wounded, together with the proof showing where the defendant was-standing when the fatal shot was fired, conclusively proved that he did! *2060 not fire it; and, lastly, defendant sets out that it was error on the part -of the court to permit the jury, after it had been empanelled, and after .a part of the testimony had been heard, to separate, as there was no necessity for the separation at the time. The motion for a new trial was overruled. To this ruling the defendant excepted, and reserved a bill of exceptions; and made the testimony taken on the original trial, ■and on the hearing for a new trial, part of his bill of exceptions.
The court sentenced the defendant to suffer imprisonment in the ■State penitentiary for life. From the verdict of the jury, and the sentence and judgment of the court, defendant prosecutes this appeal.
In reference to the motion for a severence, we noted, in our statement of the facts, that a severence was granted. Although it was not granted on this defendant’s motion, it remains that he was tried separately from the one with whom he was jointly indicted, and that this is the extent of the relief which he sought by his motion for a sever.ence.
We pass to the grounds which counsel for defendant earnestly presses upon our attention, arid we take them up in the order in which they are .argued in his brief.
Invoking Article 94 of the Constitution of 1898, defendant, through his counsel, urges that this court has jurisdiction in criminal cases, to examine into and pass upon evidence upon which a jury has based a verdict. We can only say, in answer, that the terms of that article do not look to the control and general supervision of evidence upon which n jury finds a verdict. Under the terms of that article, the questions are brought up on an application for issuing a proper remedial writ. No application for a remedial writ has been made. The record does not disclose any ground upon which such an application might have been based. This is particularly true of the verdict, -which can not be disturbed by any action under any of the remedial writs, on the ground, that it is contrary to the evidence. This appeal could find nothing for its support in the cited article, even if we were to conclude that questions can be brought before us under that article without the necessity of presenting them on an application for one of the remedial writs. The jury is the judge of the guilt or innocence of the accused. Their conclusion can not be disturbed by the exercise of the supervisory jurisdiction conferred by Article 94 of the Constitution. The court can review and revise the proceedings of other courts, as contended by the defendant, but not, however, as contended in this case, when the jury is *2061 made the judge of the facts upon which to base a verdict. Article 179-’ of the Constitution.
Taking a broad view of the different articles of the present Constitution, and no longer in the argument limiting himself to the cited Article 94,' defendant’s counsel urges that, under the different articles having bearing' upon the question of jurisdiction, this court can review the proceedings of law or fact of every other court of this-State.
We must decline to agree with counsel. There are limits that are-mandatory. One of them is, that on appeal in criminal cases, this' court shall have jurisdiction of questions of law, only; and this repels all idea that the court, on appeal, can set aside a verdict on the ground that it was found contrary to law and evidence. The questions of fact that are at all reviewable on appeal for a new trial, are those it is needful to consider in deciding questions of law raised. They are questions of facts blended with those of law, incidents of fact so connected in determining- the law applying that the facts must be considered. This court has never gone to the length of passing upon the guilt or innocence of any accused, and that we would have to do were we to grant a new trial in this case.
The court, in a multitude of eases, holds that questions of fact are-left to the jury. They are the judges of the credibility of witnesses, and they are to weigh the questions of fact presented upon which to-find the verdict. State vs. Seily, 41st Ann., 143; State vs. Nelson, 32nd Ann., 845; State vs. Sheldon, 8 Rob., 540; State vs. Paterson, 2 Ann., 921. These decisions sustain the proposition. The evidence of facts made part of a bill of exceptions is not to be considered for the-purpose of determining whether or not it justifies a conviction.
The next complaint on the part of the defendant is that there was a separation of the jury. Unquestionably, unless there is some reason for a separation, it should not be permitted. We take it that, upon the-occasion in question, there was necessity for granting permission to a number of the jurors to repair to one of the appartments of the court building. They were placed in charge of two deputies, and the record does not disclose that the separation was attended with the least circumstance of miscondulct. They were kept together until their return into court;-and when they returned, the trial, which had been interrupted -by their absence for about five minutes, was resumed. It is not contended that there is any suspicion that they conversed with any one. *2062 'They never passed from under the eyes of the officers in charge of them, and they were not exposed to the least improper influence. The rule “that a jury should not separate is not intended to go to the length of prohibiting temporary separation, which, in the nature of things, must ■occur in the course .of a protracted trial. In our view, on this point, the case is stronger for the State, than it was in- State vs. White, 52nd Ann., 206. There was in the present case more necessity for the separation.
We have gone over all the points in this case. Although, in our view, there was no necessity of considering the evidence admitted before the .jury during the trial, yet we examined it all, from cover to cover, and found no point for decision which afforded any ground for granting ;a new trial.
Only one alternative is left. We must affirm the verdict and sentence.
For reasons assigned, the verdict of the jury and the sentence and .judgment of the District Court are affirmed.