No. 14,397.

STATE EX REL. J. HOUSTON THOMAS VS. HON. L. E. HALL, JUDGE, ET ALS.

SYLLABUS.

1. The case did not, as made to appear on the merits, come within the supervisory jurisdiction of this court to the extent of rendering it necessary to set aside the sentence and judgment. The affidavit or information under which

defendant was prosecuted informed him of the nature of the accusation to enable him to properly defend himself against the charge brought.

2. The statute was substantially complied with, also the ordinance of the corpo·ration the defendant was charged with having violated.

3. The defendant was not taken by surprise and the judgment will be *res judicata*.

APPLICATION for writ of *Certiorari* to the District Court for the Parish of Ouachita.

*Allan Sholars,* for Relator.

Respondent Judges *pro se.*

The opinion of the court was delivered by

BREAUX, J. Relator invokes the jurisdiction of this court under Article 94 of the Constitution to have the record reviewed and to that end to have the papers and documents sent here in the case of the City of Monroe vs. J. H. Thomas.

Briefly, the complaint of the relator is that he was charged by affidavit before the City Court of· the city of Monroe with (on the 27th day of January, 1902) drawing, displaying, presenting, or exhibiting a dangerous weapon, to-wit, a pistol, with intent to intimidate, contrary to the ordinance of the city of Monroe. Defendant appealed to the District Court of Ouachita Parish. Before this court he filed a motion to quash and dismiss the charge. This motion was overruled and, after trial, the judgment of the City Court condemning the accused, was affirmed.

The ground urged by relator is that the information filed against him does not set forth an accusation of an offense committed, or violation of· any statute or ordinance; that from its very nature any violation of the ordinance referred to, is an offense against the person, and that there is no violation of .the ordinance charged unless there be charged an intent or attempt to intimidate some person in particular.

In the second place relator's contention is·that the court erred to his prejudice in weighing the testimony.

By Act 138 of 1888, the Legislature created the office of City Court and provided for the prosecutions in criminal cases before the court on affidavit "stating briefly the nature and cause of the accusation." In that connection relator points to the fact that Article 90 of the Consti-

tution ordains that in all criminal prosecutions the accused "shall be informed of the nature and cause of the charge against him."

The judge of the District Court, in compliance with the rule *n'si*, which was issued by this court, in his return to the rule, says that by the affidavit to which we have heretofore referred, the relator was sufficiently charged in the City Court with a violation of Sec. 74 of Ordinance 838 of the city of Monroe, which provides that whoever shall draw, display, present, or exhibit with intention of committing any crime or to intimidate any person, any pistol, bowie knife, gun, or other dangerous weapon within the corporate limits shall, on conviction, be fined, as stated in the ordinance; that it appears that relator pleaded not guilty in the City Court and was regularly tried without having urged any objection by plea or otherwise as to the sufficiency of the charge, and the motion to quash or dismiss was filed only on appeal to the District Court; that relator does not complain that the proceedings in the District Court were irregularly conducted or that the judge acted beyond the jurisdictional powers of the court, but contends that he erred in his rulings regarding the sufficiency of the affidavit or charge and in regard to the force and effect of the evidence adduced on the trial.

The error complained of under the circumstances, we take it, informed the defendant sufficiently of the nature and cause of the action to which he was called to respond.

A decision of recent date epitomizes the rulings of this court as relates to violations of municipal ordinances: State vs. Baker, 49th Ann. 79. If open to objections they are not prejudicial to the extent of requiring the exercise of supervisory jurisdiction. State *ex rel*. Satcho vs. Judge, 49th Ann. 235. We do not think that we would be justified in holding differently in this case from that which we decided upon this point in the case just cited.

It remains that the City Court is invested with power to inquire into and pronounce upon the violations of the city ordinances of the nature of that alleged in the case before us. The objection here raised to the proceedings has been reviewed on appeal and the result of the inquiry was against relator. In the light of the decisions of this court to which we have referred the proceedings are not null. It will be borne in mind that the case is not before us on appeal, and that our jurisdiction is more restricted under the Article 94 of the Constitution than it is on appeal.

This brings us to the second contention of relator, viz., that the court erred in its judgment regarding the weight of the testimony, that the preponderance of the evidence sustained his innocence of the charge. Under this writ the judgment will not be reviewed or disturbed, even if it has been rendered without sufficient evidence. Hagstett vs. Justice, 47th Ann. 1533.

We have found no good ground in the ordinance of the city cited *supra,* in the act of the Legislature No. 138 of 1898, in the Article No. 111 of the Constitution granting the right of appeal, or in the article (No. 10) ordaining that one should be informed of the nature and cause of the accusation, that we thought would justify us in holding that a defendant is not as much bound by his plea to the affidavit or information in the City Court under this special statute as he would be bound by a similar plea were he called to answer to an information or indictment in the District Court. This being our view of the questions presented, it follows that we can grant to the relator no relief.

For reasons assigned our rule *nisi* is recalled and discharged and relator's demand is dismissed.