(52 South. 864.)

No. 18,313.

STATE v. STELLY.

(June, 20, 1910.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW (§ 1158*)—APPEAL—REVIEW —SCOPE—QUESTIONS OF FACT.

The Supreme Court, being limited in its jurisdiction of a criminal appeal to questions of law, cannot review a question of fact.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3074; Dec. Dig. § 1158.*]

2. CRIMINAL LAW (§ 154*) — LIMITATIONS — PRESCRIPTION—POWER TO DIRECT PUBLIC PROSECUTION.

Under Rev. St. § 3541, requiring a sheriff to preserve the peace and apprehend public offenders, his deputy, as his alter ego, is an officer "having the power to direct a public prosecution," as affecting the bar of prosecution by prescription.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 154.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; W. P. Campbell, Judge.

Antoine Stelly was indicted for obtaining money under false pretenses, and the State appeals from a judgment quashing the indictment. Affirmed.

Walter Guion, Atty. Gen., and John J. Robira, Dist. Atty. (R. G. Pleasant, of counsel), for the State. Percy T. Ogden, for appellee.

PROVOSTY, J. The defendant moved to quash the indictment against him for obtaining money under false pretenses, on the ground that the offense was barred by prescription. The indictment negatived the prescription by an allegation that the fact of the offense having been committed had been "made known to a public officer having the power to direct a public prosecution" only within the prescriptive period. On the trial of the motion to quash, evidence was taken, and it showed that the victim of the offense was a deputy sheriff, but that only within the prescriptive period he had learned that the pretense on which the money had been obtained from him was false. The court quashed the indictment, and the state has appealed.

This court, being limited in its jurisdiction to questions of law, cannot consider the question of fact as to when the deputy sheriff became informed of the falsity of the pretenses.

The question of whether a deputy sheriff is an officer "having the power to direct a public prosecution" is submitted without argument. We have no hesitation in saying that he is; for one of the prescribed duties of the sheriff is "to preserve the peace and apprehend all disturbers thereof, and other public offenders" (Rev. St. § 3541), and the deputy is his alter ego.

Judgment affirmed.