(71 South. 133)

No. 21783.

STATE v. FULCO.

(Feb. 21, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☞1134(3)—APPEAL—JURISDICTION.

The jurisdiction of the Supreme Court is limited to questions of law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2989, 2990, 3056; Dec. Dig. ☞1134(3).]

2. CRIMINAL LAW ☞1151—APPEAL—DISCRETIONARY RULING—CONTINUANCE.

Motions to continue are largely left to the discretion of the trial judge; and, unless it appears that the accused has been in some way prejudiced by the ruling, usually the verdict will not be set aside.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3045–3049; Dec. Dig. ☞1151.]

[1] Ante, p. 989.

138 LA.—32

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Tony Fulco was convicted of selling liquors without a license, and appeals. Affirmed.

Murff & Roberts, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant was convicted of selling liquors without first having obtained a license. The record contains but one bill of exceptions, taken to the ruling of the court in refusing a new trial.

In the motion for a new trial it is alleged that defendant, just prior to his trial, was forced to be in attendance upon a sick wife, and for that reason had not been able to employ counsel to represent him and to prepare for the trial of his case; that on the day of trial he called the attention of the court to these facts, and asked for a continuance of the case, which was refused, and he was forced to go to trial without an attorney and without time under the circumstances to prepare his case for trial.

In the per curiam attached to the bill of exceptions the judge says:

"This defendant had had every opportunity to employ counsel before trial. When he was arraigned two or three weeks before the trial, he stated he had no counsel, and the court offered to assign counsel to him if he was not able to employ, but he refused, stating that he did not want any lawyer," etc.

[1, 2] The reasons given by the judge for refusing a continuance and for not granting a new trial show that the matters under consideration were clearly within the discretion of the trial judge; and it is equally clear that the discretion vested in him has not been abused in this case. No question of law is presented in the motion for a new

trial, and the action of the judge thereon is not reviewable in this court. Marr's Crim. Jur. § 486, pp. 841, 842.

No brief has been filed on the part of the defendant; and the court has not been pointed to any law which requires the trial judge to appoint counsel for a defendant charged with a misdemeanor. Defendant not only failed to request the court to appoint counsel to defend him but he refused the offer of the court to appoint counsel for him. He cannot be heard to complain of the ruling of the court denying a continuance in such circumstances.

Judgment affirmed.