The defendant was arrested and charged with the crime of murder. *Page 596 
He was indicted and tried, and the jury returned an unqualified verdict in the words "Guilty as charged." Two motions for a new trial and a motion in arrest of judgment were filed in their respective order. These motions were regularly heard, submitted, and overruled, a judgment affirming the verdict was entered, and the defendant was sentenced to be hanged. The appeal is from that verdict, judgment, and sentence.
No objection was entered, and no bills of exception were noted or reserved, to any procedure or ruling of the court prior to the return and entry of the verdict of the jury in the minutes, but separate bills of exception were reserved and perfected by counsel for the accused to each of the court's rulings upon defendant's two motions for a new trial and his motion in arrest of judgment.
Bill No. 1 was reserved to the overruling of defendant's first motion for a new trial. This motion is based upon two alleged grounds, viz. that the verdict is contrary to the law and the evidence, and that, after the jury was impaneled and sworn and the evidence for the state had been introduced, the jury was permitted to separate. In support of the contention that the verdict is contrary to the evidence, the bill of exception presents an alleged recital of the testimony relied upon by the state for a conviction, and questions the sufficiency of the alleged proof to sustain the verdict. The jurisdiction of this court in criminal cases is confined to questions of law alone. It cannot review questions of fact touching the guilt or innocence of an accused. State v. Cammeyer, 8 La. Ann. 312; State v. Bruington, 22 La. Ann. 9; State v. Caulfield, 23 La. Ann. 149; State v. Harris, 27 La. Ann. 572; State v. Anderson, 29 La. Ann. 774; State v. Harris, 30 La. Ann. 90; State v. Beatty, 30 La. Ann. 1266; State v. Swayze, 30 La. Ann. 1323; State v. Foster, *Page 597 
32 La. Ann. 34; State v. Kane, 33 La. Ann. 1269; State v. Barker, 46 La. Ann. 798, 15 So. 98; State v. Harris, 48 La. Ann. 1189, 20 So. 729; State v. Moreau, 50 La. Ann. 8, 22 So. 966; State v. Williams, 50 La. Ann. 1322, 24 So. 332; State v. Scanlan, 52 La. Ann. 2058, 28 So. 211; State v. Moise, 104 La. 63, 28 So. 902; State v. Burton, 106 La. 732, 31 So. 291; State v. Hall,107 La. 764, 31 So. 1002; State v. Dartez, 117 La. 370, 41 So. 653; State v. Stelly, 126 La. 659, 52 So. 864; State v. Belas, 134 La. 859, 64 So. 799; State v. Zagone, 135 La. 550, 65 So. 737; State v. Fulco, 138 La. 993, 71 So. 133.
Upon the issue raised by the alleged separation of the jury, it is shown that, at some time, not definitely fixed, during the second day of the trial, the court permitted five of the jurors to temporarily leave the jury box, in the custody of a deputy sheriff, and to enter a urinal, which was thoroughly inclosed, with no means of ingress or exit except through a door opening into the courtroom, for the purpose of answering a call of nature. It was also shown that this urinal was reserved for the exclusive use of jurors and court officials, and that said jurors had no communication whatever with any other person. The judge's per curiam to this bill is as follows:
"The Court heard all of the evidence in this case, and feels that the finding of the jury was in accordance with it and the same was justified thereby. The motion filed did not set forth in what respect the verdict was contrary to the law and the evidence, the objection by the state to the introduction of evidence on the motion was well taken. The defendant had not specified in the motion in what respect the verdict was contrary to the law and the evidence, therefore, he could not offer evidence in support of his motion on that point. This is elementary. But the court *Page 598 
permitted counsel to offer such evidence as he had. This evidence had already gone to the jury in this case and he had argued it to the jury. The finding on these questions of fact by the jury were final. Four witnesses, all colored, corroborate the Chief of Police to the effect that this defendant came out of the house where he had been gambling with other negroes (the Chief having ordered them to leave the gambling place) with a pistol in his hand and opened fire on the Chief, firing four or five shots. It was one of these shots intended for the Chief that killed his assistant, the deceased. None of the witnesses testified to having seen any other person shooting but this defendant and the Chief who returned the fire. The deceased was in the rear or on the side of the Chief during the shooting as testified to by all the eye witnesses. In my opinion, he was proven guilty beyond the shadow of a doubt.
"As to the separation of the jury, the allegations of the motion for a new trial on the ground that the jurors were permitted to separate during the trial of the cause, is not supported by the evidence. The evidence shows that five of the jurors, in company with the Chief Deputy, were permitted to go to the closet or urinal during the progress of the trial to answer a call of nature, the other jurors remaining in the jury box under the eyes of the court. The closet is in the rear of the court room, on the same floor. It is a private place, used only by the jurors and Court officials, the Chief Deputy having a private key to this small room. In the case of State v. Veillon, reported in the 105 La. 411, 29 So. 883, the court held that to permit two jurors to go out to the closet that used to be on the Court House Square several hundred feet from the Court house, in company with a deputy sheriff, for the purpose of answering a call of nature, was not a separation of the *Page 599 
jury. I have always followed this custom since I have been on the bench for the past 18 years. If a juror desires to step out for the purposes aforesaid, I do not require all the others to follow him but they remain in their seats in the jury box, as was done in this case. I had in mind the above case when permitting jurors to go to the closet or urinal, as sworn to by me in this case."
The rule which has been adopted and followed in this and twenty-two other states is stated in 16 C.J. 1077, par. 2530, as follows:
"While the separation of the jury is defined to be the departure of one or more jurors from their fellows, or all of the jurors parting from each other, not every withdrawal of a juror from the immediate presence of his fellows constitutes such a separation as will affect the verdict. The rule that the jury must be kept together does not apply, even in capital cases, to temporary separation of one or more jurors from the others in cases of necessity, where the separating jurors are in charge or in sight of an officer and are not allowed to communicate with other persons."
The authorities adopting and following the aforesaid rule are State v. Nelson, 32 La. Ann. 842; State v. Devall, 51 La. Ann. 497, 25 So. 384; State v. White, 52 La. Ann. 206, 26 So. 849; State v. Scanlan, 52 La. Ann. 2058, 28 So. 211; State v. Veillon,105 La. 411, 29 So. 883; State v. Callian, 109 La. 346, 33 So. 363; State v. Sims, 117 La. 1036, 42 So. 494. The other states are Alabama, Nabors v. State, 120 Ala. 323, 25 So. 529; Arizona, Young Chung v. State, 15 Ariz. 79, 136 P. 631; Arkansas, McCown v. State, 125 Ark. 597, 188 S.W. 547; Georgia, May v. State,120 Ga. 497, 48 S.E. 153; Illinois, Gott v. People, 187 Ill. 249, 58 N.E. 293; Indiana, Masterson v. State, 144 Ind. 240, 43 N.E. 138; Kansas, State v. Flack, 48 Kan. 146, 29 P. 571; Minnesota, State v. Conway, 23 Minn. 291 *Page 600 
; Mississippi, Green v. State, 59 Miss. 501; Missouri, State v. Spaugh, 200 Mo. 571, 98 S.W. 55; Montana, Territory v. Clayton, 8 Mont. 1, 19 P. 293; New Mexico, Roper v. Terr., 7 N.M. 255, 33 P. 1014; New York, People v. Hoch, 150 N.Y. 291,44 N.E. 976; North Carolina, State v. Lytle, 27 N.C. 58; Oklahoma, Shivers v. Territory, 13 Okla. 466, 34 P. 899; Oregon, State v. Olberman, 33 Or. 556, 55 P. 866; Pennsylvania, Com. v. Gearhardt,205 Pa. 387, 54 A. 1029; South Carolina, State v. Williams,76 S.C. 135, 56 S.E. 783; Tennessee, Rowe v. State, 11 Humph. 491; Texas, Jack v. State, 26 Tex. 1; Virginia, Thomas v. Com., 2 Va. Cas. (4 Va.) 479; Washington, Edwards v. Washington Territory, 1 Wn. T. 195.
We have only given some of a number of cases in which the courts of the several states named have adopted the rule quoted from C.J., supra. We may add that in the case of Rex v. Crippen, decided in 1911, the First King's Bench of England applied that rule.
Bill No. 2 was reserved to the overruling of defendant's second motion for a new trial. This motion is based upon alleged newly discovered evidence. It is alleged therein that, if the accused is given a new trial and a change of venue, he can prove by certain unnamed witnesses certain facts. No proof was offered in support of the motion, but it was submitted to the court merely on the face thereof. Article 507 of the Code of Criminal Procedure provides:
"Every motion for a new trial must specify the grounds upon which relief is sought, must be tried contradictorily with the district attorney, and the proof must correspond with the allegations of the motion."
In the case of State v. Martin, 151 La. 780, 92 So. 334, 335, Mr. Justice Thompson, the organ of this court, said:
"The trial judge properly exercises the discretion *Page 601 
vested in him in refusing a motion for a new trial based on newly discovered evidence where, as in this case, the motion rests solely on the affidavit of the accused, and there is no proof that the newly discovered witnesses could be produced, and, if produced, that they would swear to the facts set forth in the motion."
Bill No. 3 was reserved to the overruling of defendant's motion in arrest of judgment. The sole basis of this motion is the alleged separation of the jury, which is disposed of adversely to defendant in our consideration of bill No. 1.
Finding no error in the rulings complained of, it is now decreed that the verdict, judgment, and sentence of the district court be, and it is, affirmed.