ODOM,¿(Justice.
 

 The defendant was indicted for the crime of shooting with intent to kill, was tried, convicted, and sentenced to hard labor for a term of not less than one nor more than two years. He has appealed from that conviction and sentence.
 

 There is only one bill of exception found in the record. This bill is leveled at the ruling of the trial judge refusing to permit the defendant to withdraw his former plea of not guilty for the purpose of filing motions to quash the indictment on the ground that the grand jury was illegally constituted, and to quash the petit jury venire on the same ground. The reason assigned by the trial judge for refusing to permit the defendant to withdraw his former plea of not guilty for the purpose stated was that the motion came too late.
 

 The record discloses that the indictment was returned by the grand jury on Wednesday, October 30, 1935, and that the accused was brought into court and arraigned on Monday, February 24, 1936. The accused not having counsel, the court appointed Messrs. F. E. Burch and E. H. Bostick, Jr., to represent him not only in his arraignment, but at his trial.
 

 The case was set for trial for Friday, March 20, 1936, on which date the case was called for trial by the district attorney in the forenoon, with the accused and his counsel present. Whereupon the jury was legally impaneled and sworn to try the case. Then the court took a short recess for lunch, and after the session was resumed in the afternoon the motions to quash and to set aside the venire were filed by the same counsel who were appointed to represent the defendant on February 24.
 

 The court ruled that the motion came too late, and we think the ruling was proper. Article 265 of the Code of Criminal Procedure reads as follows:
 

 “The defendant may at any time, with the consent of the court, withdraw his plea of not guilty and then set up some other plea or demur or mo've to quash the indictment.”
 

 
 *903
 
 This article of the Code leaves it to the sound discretion of the trial judge to permit the withdrawal of a defendant’s plea of not guilty, which discretion should not be interfered with unless unreasonably or arbitrarily exercised. We find no abuse of such discretion in this case. Counsel were appointed to defend the accused almost thirty days prior to the date on which the case was called 'for trial. Notwithstanding that fact, they urged no objection to going to trial at the time the case was called on March 20, but waited to file their motion until after the jury was duly impaneled and sworn.
 

 Counsel for defendant cite in support of their contention that the trial judge abused his discretion the case of State v. Soileau, 173 La. 531, 138 So. 92, 93. In that case, motion to withdraw the plea of not guilty for the purpose of filing motions to quash the indictment, as well as the venire, was filed before the jury was impaneled and sworn. But in the Soileau Case, the ground set up in the motion to quash the indictment was that one member of the grand jury which found the indictment was an alien, and therefore an incompetent juror. The reason why the court permitted the withdrawal of the plea of not guilty and the filing of the motion was that if, as a matter of fact, one member of the grand jury was an alien, the indictment found was void, and it was proper to hear testimony touching that particular question. The court said:
 

 “There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. An indictment is a written accusation of a crime presented by a grand jury, and is the exclusive method prescribed for holding a person to answer for a capital offense. Const.1921, art. 1, § 9. But the grand jury which presents the indictment must be legally constituted, which is not the case if one of its members is an alien.”
 

 In the case at bar it is not alleged or contended that any one of the twelve who composed the grand jury was legally incompetent to serve as a member of that body. The ground of defendant’s complaint is that the Jury Commission of the Parish of Tangipahoa habitually excluded members of the Negro Race from jury service. If that be true, the fact was known to counsel, or could have been discovered by them, long prior to the date on which the case was called for trial and before the jury was impaneled and sworn. They had from February 24 to March 20 in which to investigate the regularity of the proceedings. Not having previously taken advantage of the opportunity which they had, they could not reasonably expect the court to disrupt the proceedings, after the trial had actually begun and proceeded to the point of swearing the petit jurors, for the purpose of permitting them to do that which they had had ample opportunity to do before.
 

 The judgment is affirmed.
 

 O’NIELL, C. J., absent.
 

 HIGGINS, J., absent.
 

 PONDER, J., recused.