HAWTHORNE, Justice.
 

 Edward Ward, Charles Cage, William Chevalier, and Earl Davis, charged with the crime of murder, were jointly tried. Ward
 
 *769
 
 was found guilty as charged and sentenced to death, and the others were found guilty as charged without capital punishment and sentenced to imprisonment in the state penitentiary at hard labor for life. The errors complained of on this appeal are presented to us by means of bills of exception which were timely reserved and perfected.
 

 The indictment charging these defendants with the murder of John Fisher was returned by the grand jury on March 5, 1963. On March 14 they were arraigned in open court. Each, represented by qualified and competent counsel of his choice, pleaded not guilty, and the case was fixed for trial for April 1. On the day the case was fixed for trial, and when the petit jury venire was present, counsel for the accused filed a motion to withdraw the pleas of not guilty in order to file certain motions. One of these was a motion to quash the indictment on the alleged ground that the district attorney and other unauthorized persons were present during the deliberations of the grand jury which returned the indictment against these defendants. The trial judge denied the motion to withdraw the pleas of not guilty as having been filed too late. In overruling the motion the judge stated :
 

 “On the morning of the trial and before the trial started, defendants filed a motion to quash the bill of indictment. This motion was based on the ground that the District Attorney and other unauthorized persons were present in the Grand Jury room during its deliberations.
 

 “To have heard this motion it would have required the taking of testimony, preceded by the summoning of witnesses, preparation on the part of both defendants and the State. Obviously, it could not have been disposed of prior to commencement of the trial on April 1, 1963.
 

 “The court ruled that the defendants were dilatory in the filing of the motion; that the court would have permitted the defendant to have withdrawn their plea to the indictment and have heard the motion had the motion been filed timely; that the court was available to the defendants for an earlier filing and hearing at any time during the previous two weeks.”
 

 Article 284 of the Code of Criminal Procedure provides that every objection to an indictment shall be taken by demurrer or motion to quash before arraignment, and hence counsel in the instant case in order to file his motion to quash sought first to withdraw the pleas of not guilty previously entered. Article 265 of the Code of Criminal Procedure provides that a defendant may at any time with the consent of the court withdraw his plea of not guilty and then move to quash the indictment. To permit the withdrawal of the plea of not guilty in order to file such a motion, however, is discretionary with the trial judge, and his ruling will not be disturbed unless an
 
 *771
 
 abuse of discretion is shown. State v. Dawson, 186 La. 900, 173 So. 524; State v. Verdin, 192 La. 275, 187 So. 666. The motion to withdraw the pleas in the instant case does not give any explanation of why the motion to quash was not timely filed, and under these circumstances we cannot say that the trial judge abused his discretion.
 

 Even if he did abuse his discretion, however, it was not reversible error because defendants were later given an opportunity to prove the allegation forming the basis of their motion to quash. In their motion for n new trial they reiterated the allegation that the district attorney and other unauthorized persons were present in the grand jury room during the jury’s deliberations. This motion was fixed for hearing, and the judge heard evidence on this allegation before overruling the motion.
 

 Article 215 of the Code of Criminal Procedure provides that the district attorney as the legal adviser of the grand jury shall have free access to sessions of that body. This right of access, however, is limited by the provision of Article 19 of that Code that “ * * * no district attorney or other person shall be present during the deliberations of the grand jury on their findings”. Article 507 of the Code states that every motion for a new trial must specify the ground upon which relief is sought, and that the proof must correspond with the allegations of the motion. In State v. Slack, 227 La. 598, 80 So.2d 89, this court after quoting that article said:
 

 “ * * * Conformably with this provision, it was held in State v. Washington, 169 La. 595, 125 So. 629 that if the allegations of a motion for a new trial are not supported by proof, it is properly overruled. See also State v. Martin, 151 La. 780, 92 So. 334.”
 

 The question presented, therefore, is whether defendants have proved these allegations found in the motion. If so, the motion would have merit.
 

 At the hearing nine members of the grand jury which returned the indictment testified, and it was stipulated that the testimony of the other three would be substantially the same as that given by one of the grand jurors who did testify. The district attorney also testified. The trial judge denied the motion, stating:
 

 “After hearing the testimony, the court concluded there was no merit whatever to this ground urged for a new trial by defendants. The court found there were no unauthorized persons in the Grand Jury room during deliberations, and that the District Attorney was called for by the Grand Jury and admitted to the room for the purpose of further instructing the Grand Jury on the law, but that no deliberations by the Grand Jury were conducted during his presence.”
 

 
 *773
 
 After reading the testimony taken on the hearing of the motion we conclude that defendants have utterly failed to prove the allegations of their motion, and that the trial judge was therefore correct. Counsel for the accused relies solely on the testimony of one of the grand jurors, but his testimony clearly shows that he was confused about the meaning of the term “deliberations” as used in the statute.
 

 During the trial of the case the State offered in evidence both oral and written statements or confessions made by all defendants. Counsel for defendants objected to the offering of these statements in evidence on two grounds: (1) That the proper foundation had not been laid for their admission, and (2) that the statements of each defendant were not made in the presence of the remaining defendants and for that reason were hearsay and inadmissible. In brief filed in this court counsel cites no law in support of his contentions, but merely states that in admitting the confessions the court was in error.
 

 As to the first ground, in laying the foundation for the admission of these statements or confessions the State established that they were given freely and voluntarily by each defendant and were not made under the influence of fear, duress, intimidation, menaces, inducement, or promises; and under these circumstances they were properly admitted by the trial judge. In fact, counsel did not contend in argument before this court that they were not freely and voluntarily made.
 

 As to the second ground, upon the admission in evidence of each statement or confession the trial judge properly instructed the jury that it must not consider the confession as evidence against any defendant except the defendant who made the confession; and the presumption is that the jury followed the judge’s instructions. State v. Johnson, 47 La.Ann. 1225, 17 So. 789; State v. Sims and Mays, 106 La. 453, 31 So. 71; State v. Harris and Nellum, 27 La.Ann. 572. Moreover, the instructions to the jury were properly given in view of the fact that these defendants were jointly tried, counsel not having requested a severance for any one of them.
 

 The confessions were therefore properly admitted into evidence.
 

 Defendants seek a new trial “On the further ground that your defendants are members of the colored race, and that even though members of their race were on the regular venire, on the venire of tales jurors and among the bystanders summoned by the Sheriff as prospective jurors after both the general venire and the venire of tales jurors had been depleted, all of those members of your defendants’ race who were interrogated as prospective jurors, who did not disqualify themselves, were peremptorily challenged by the District Attorney and
 
 *775
 
 consequently no member of their race was on the jury that convicted them”.
 

 The defendants contend that the district attorney’s peremptorily challenging of members of tthe Negro race denied to them their constitutional rights because it constituted a systematic exclusion of Negroes from the petit jury which tried them. Defendants offered no proof whatever of these allegations, and for all intents and purposes this should end the matter. But their allegations, even if accepted as true, would not show a violation of their constitutional rights so as to entitle them to a new trial.
 

 The right of peremptory challenge is guaranteed to an accused by the Constitution of this state, Art. 1, Sec. 10, and the number of peremptory challenges to the State and to the defendant is fixed by statute, La.Code Crim.Proc. Art. 354. The right of peremptory challenge is a right not to select, but to reject, and this right of rejection may be exercised without assignment of any cause or reason or inquiry into the motive. It was said many years ago by this court that neither the State nor the defendant has any right to complain of peremptory challenges tendered by the other. See State v. Durr, 39 La.Ann. 751, 2 So. 546.
 

 Counsel for the accused cites and relies on Eubanks v. Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991, and Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L. Ed. 866, which are authority for the proposition that defendant is denied the' equal protection of the laws guaranteed by the Fourteenth Amendment if he is indicted by a grand jury or tried by a petit jury from which members of his race have been excluded because of their race. Counsel for the State calls to our attention that the United States Court of Appeals for the Seventh Circuit specifically rejected the contention that those cases were authority for the argument that the use of the right of peremptory challenge given by a state statute to challenge members of a defendant’s race could be a deprivation of a defendant’s constitutional rights. The court recognized the traditional concept of the nature of the peremptory challenge as absolute and as precluding inquiry into the motives or mental attitudes of the one to whom the right is given. Writs were refused by the United States Supreme Court. United States ex rel. Dukes v. Sain, 297 F.2d 799 (1962), writs denied 369 U.S. 868, 82 S.Ct. 1035, 8 L.Ed.2d 86, rehearing denied 370 U.S. 920, 82 S.Ct. 1558, 8 L.Ed.2d 500.
 

 The defendant in that case, like the defendant Ward in the instant case, was a Negro sentenced to death for murder. After his conviction and sentence had been upheld by the Illinois Supreme Court, he applied for relief by writ of habeas corpus in the federal courts. He complained there, as do the defendants in this case, that the state’s attorney had used his peremptory
 
 *777
 
 challenges to exclude all Negroes from the jury which tried him, thereby denying him due process and equal protection of the laws.
 

 For the reasons assigned the convictions and sentences are affirmed.