The opinion of the court was delivered by
Nioholls, O. J.
This is a prosecution of the defendant under an indictment charging him with shooting while lying in wait with intent to kill and murder his brother, Sidney A. Frier.
The defendant was convicted by the jury of shooting with intent to kill and murder and sentenced to the penitentiary for fifteen years. He has appealed.
Three bills of exceptions are submitted for our consideration.
'The first bill states that upon empaneling the jury the district attorney asked each and every juror upon his voir dire the following question: “If it appears by the testimony of witnesses that the guilt of the accused is proven by a chain of circumstances, would you then convict, or in other words, would you convict on circumstantial evidence.”
*1435 To the propounding of which question the accused, by counsel, objected, as being prejudicial to him, giving the State an unfair advantage in the selection of the jury, and as being tantamount to asking the juror whether he would require much or little evidence to convict. All the jurors answered this question in the affirmative but one, J. H. N. Austen, who said that in capital cases he would not, and two others who said they would not under any circumstances, whereupon the court ordered them, to stand aside and refused to allow them to sit upon the jury, over the said objection of defendant, to which ruling of the court in permitting said question and setting aside said jurors defendant excepted.
The district judge, in signing the bill, said: “The accused exhausted his peremptory challenges before the jury was fully empaneled. The jurors mentioned in this bill as being refused and set aside were challenged for cause by the State and the challenges sustained by the court. The question asked the jurors was carefully explained to them to mean whether or not they would in any case or under any circumstances render a verdict of guilty based solely upon circumstantial evidence.”
The second bill states that “ upon empaneling the jury the jurors -Harvey. Lewis White and Dave Michel, being examined upon their ■voir dire, answered that they had formed and expressed an opinon ■on the case and that it would take very strong evidence to remove this opinion, whereupon accused by counsel challenged said jurors for cause, and the court having overruled the challenges, he peremptorily challenged two of said jurors and the third named juror was taken upon the jury because defendant had then exhausted his peremptory challenges. To which ruling of the court in the case of each of said jurors the defendant excepted.” Referring to these objections the court said: “ Harvey said in answer to questions by the court that he had formed an opinion from rumor — it was not a fixed opinion; he had no bias or prejudice, like or dislike, for or against the accused; that his opinion could be changed if the evidence was •strong enough. He could go on the jury and after hearing the evidence on the trial and the law as given by the court and render a fair and impartial verdict between the State and the accused without being influenced in any way by what he had heard or by the ■opinion he had formed.”
“ Lewis White said in answer to questions by the court: He had *1436 formed an opinion from rumor and that it would take very strong evidence to remove this opinion; that he had no bias or prejudice, like or dislike, for or against the accused; that he could render a fair and impartial verdict between the State and the accused according to the law and the evidence on this trial without being in any way influenced by what he had heard or the opinion he had formed.
“Dave Michel made the same answers to the questions of the court as did Lewis White, except that he said it would take strong evidence to remove the opinion he had formed.”
The court further said that the accused, through counsel, urged especially for the consideration of the court in each of these cases “ that the accused might have no evidence to rebut the evidence offered and adduced by the State and might have to depend entirely upon the argument of his counsel to combat the inferences to be drawn from said evidence and that the case depended upon circumstantial evidence.”
The third bill is to a refusal by the district judge to charge the jury as requested by counsl of the accused that “ in cases depending upon circumstantial evidence it is but reasonable in ease of doubt to expect that some motive, and that a strong one, should be assigned as inducement|to|commit an act from which our nature is abhorrent and the consequences of which is usually so fatal to the criminal.”
Defendant claims that the charge was pertinent and had not been covered by the charge of the court.
The court' said it refused the charge requested on the grounds—
1. That so far as any part of the requested charge might be pertinent or proper it had been fully covered by the written charge of the court already given.
2. It was misleading.
3. It announced no principle of law applicable to this or any other case.
4. It was merely argumentative.
5. Practically it was a request that the court should charge the jury it would be unreasonable for them to find a verdict unless a strong motive for the crime was proven at the trial.
The objections urged by the defendant to the right of the district attorney to propound to each juror on his voir dire the question which he did was not well taken in the form in which the question *1437 was asked and as explained to the jurors (State vs. Shields, 33 An. 994). The State has the right to have rejected as jurors parties who declare that under no circumstances would they render a verdict of guilty based solely upon circumstantial evidence. The action of the court in excluding as jurors the three persons referred to in the first bill of exceptions was not error. The case about to be tried being upon a charge punishable by death, Austen’s answer as fully unfitted him for a juror, as the absolute and general answers of the other two unfitted them. The State and the defence both concur in the statement that this case was based exclusively upon circumstantial evidence.
The ruling of the court upon the fitness of the three jurors, Harvey, White and Michel, was evidently based upon and is justified by the line of decisions cited in and acted upon in State vs. Ganz, 43 An. 367.
The special charge asked for was properly refused to be submitted by the judge to the jury. We assume from it that the State had failed to assign and to show affirmatively the existence of a motive on the part of the accused for the commission of the crime. Had the request been granted we think the jury would have unquestionably been led to believe from the language in which it was couched that the case before it was, in the opinion of the judge, one of doubt, and one which reasonably called for the assignment and proof by the State of a strong motive in the defendant to commit the crime. The judge correctly declined to make such a statement.
For the reason herein assigned it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.