(40 South. 523.)

No. 15,913.

STATE v. STEPHENS.

(Jan. 29, 1906.)

1. JURY — CRIMINAL CASES — CHALLENGES — DISQUALIFICATION—EFFECT.

In a criminal prosecution, the state has a right to demand jurors who are willing to convict the accused of the crime with which he is charged, upon legal evidence, whether direct or circumstantial, and its challenge, for cause,

of jurors who are unwilling to convict on circumstantial evidence alone should be sustained, and does not authorize the assumption that such evidence alone will be offered on the trial, nor does it bind the state to offer only evidence of that character.

[Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Jury, § 487.]

2. WITNESSES—CRIMINAL PROSECUTION—WITNESS FOR STATE—SUSPENSE—IMPEACHMENT.

Where the state voluntarily calls a witness in support of a criminal prosecution, and is surprised by his testimony, her prosecuting officer may interrogate such witness as to previous declarations, inconsistent with the testimony given, with a view of testing his recollection and leading him, if mistaken, to reconsider what he has said; and such officer may call other witnesses to prove that the facts are otherwise than as testified to, but, if the sole purpose and effect of the interrogation of the witness, or of the testimony offered in contradiction of his statements, is to discredit him, then such interrogation and such testimony are inadmissible, unless the officer has been entrapped into calling a hostile witness, and even then it is not sufficient to justify the impeachment of the witness that he should have failed to give the testimony that was expected. but it is necessary that he should have testified against the state and in favor of the defendant in some material matter.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 1268–1270.]

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; John Bachman Lee, Judge.

W. T. Stephens was convicted of murder, and appeals. Reversed.

Hunter & Hunter, for appellant. Walter Guion, Atty. Gen., and James Wilson Parson, Dist. Atty. (Lewis Guion, of counsel), for the State.

MONROE, J. The defendant was convicted of murder, without capital punishment, and has appealed from a sentence of imprisonment at hard labor for life.

1. His counsel excepted to the ruling of the trial court sustaining the district attorney in challenging, for cause, certain jurors, who stated, upon voir dire, "that they were not opposed to capital punishment, but would not inflict it on circumstantial evi-

dence alone"; the ground upon which the exception rests being that the challenge assumed that the state had only circumstantial evidence, "and that a juror could not be challenged because he was opposed to capital punishment, unless he stated that he had conscientious scruples against it and would not, under any circumstances, inflict the death penalty."

The state had the right to demand jurors who were willing to convict the accused of the crime with which he was charged upon legal evidence, whether circumstantial or direct, and its objection to jurors who were unwilling to do so authorized no other assumption than that it was insisting upon that right. It appears, per curiam, that the jurors who were challenged answered, on voir dire, that they would not convict on circumstantial evidence; the challenges were therefore properly sustained.

2. The district attorney asked one Malcolm, a state witness, "Did you see who shot Mitchell Perkins?" to which counsel for defendant objected, and, the objection having been overruled, and the witness having answered "No," the district attorney asked him, "Did you not tell Allen Russell and W. H. Eaves, in Natchitoches, that you saw William Stephens shoot Perkins?" to which counsel for defendant objected, on the ground (as he states in the bill of exception) that the state could not "contradict its witness, unless the district attorney made oath that he was taken by surprise," which objection being also overruled, the witness answered "that he had told those parties that he saw Stephens do the shooting, but that he was joking, and that he had given his testimony, just as· he had given it in court, before the grand jury, in the presence of the district attorney." For the reasons of the judge, a quo, for overruling the objection contained in this bill, we are referred to the reasons assigned by him for overruling the motion for new trial, and we make the following ex-

cerpts therefrom (somewhat out of the order in which they are stated) to wit:

"There was no application made, at the time that the district attorney alleged that he was taken by surprise at the answer of the witness Malcolm, by the defendant, to traverse the district attorney, as to whether or not he was taken by surprise, and the ruling was made on the objection of counsel that the district attorney could not impeach his own witness, and that objection alone."

It may be here remarked that, in his oral argument, the counsel for defendant insisted upon the objection as it appears in the bill, but, in the brief filed by him, he seems to rely upon the objection as stated by the court; that is to say, upon the objection (quoting from the brief) that:

"Under a plea that he is taken by surprise, a party cannot contradict his witness for the purpose of discrediting him, nor can he be allowed to prove contradictory statements of the witness upon other occasions, but must be restricted to proving facts otherwise by other witnesses."

Under these circumstances, and as the statement of the trial judge would necessarily control in any event, the question as to the objection which this court is to consider may be regarded as relieved of all embarrassment.

Proceeding, then, to excerpt from the reasons of the judge, he says:

"The district attorney placed one Malcolm upon the witness stand, and, after some examination and answers by him, asked him: 'Did you see who shot Mitchell Perkins?' The district attorney, after receiving his answers to the various questions propounded to him, stated to the court that Malcolm (written Perkins) showed he was a hostile witness, and asked to propound questions to him for the purpose of contradicting him and destroying his testimony, which question the court permitted him to propound, to wit: 'Did you tell Allen Russell and W. H. Eaves that you saw Bill Stephens shoot Mitchell Perkins?' Which question was objected to by defendant's counsel, and which objection was overruled, for the reasons that the witness seemed to be a hostile witness, and the district attorney alleged that he was taken by surprise at the testimony of the witness, and the court permitted him to propound the question, not, for the purpose of establishing a fact or making testimony, but for the sole purpose of destroying the statement of the witness previously made, and to discredit his testimony. And the judge, at the time of the admission of the testimony, instructed the jury that the evidence was not introduced, or the question allowed to be answered, for the purpose of making evidence or establishing a fact as to the guilt or innocence of the accused, but, when the district attorney was taken by surprise at the testimony of the alleged hostile witness, he allowed him to ask questions for the purpose of destroying the testimony of the witness previously given and affecting his credibility, and the judge so instructed the jury. * * * "

The judge further states that the testimony of Malcolm was not commented on by the district attorney in his argument before the jury, "as the court instructed the district attorney that the evidence had been admitted for the purpose of destroying the testimony of Malcolm," etc.

There is reversible error in this ruling. The district attorney was, no doubt, taken by surprise when the witness testified that he had not seen the shooting, and this, although he had heard him give the same testimony before the grand jury, since it appears from the evidence given on the motion for new trial that he had, thereafter, on two or more occasions, been informed that the witness had said to different persons that he had seen the shooting and that he would so testify on the trial. The district attorney cannot, however, be said to have been entrapped into calling a hostile witness, nor can it be said that the witness gave material testimony against the state, in merely denying that he had witnessed the homicide, nor yet should it have occasioned any great surprise that he testified as he did. The general rule applicable in such cases is that, where a party voluntarily calls a witness in support of his case, he thereby so far vouches for the credibility of the witness that he will not be permitted deliberately to impeach him. "It is well settled," this court has said, "that, where a party is bona fide surprised at the unexpected testimony of his witness, he may be permitted to interrogate him as to previous declarations, inconsistent with the testimony given; the object being to test the

witness' recollection and lead him, if mistaken, to review what he has said:" State v. Williams, 111 La. 180, 35 South. 506. "He may call other witnesses to prove that the facts are otherwise than as stated, and it is no objection to any relevant evidence of the material facts upon which he relies to support his case, or defense, that it may incidentally contradict and discredit one of his own witnesses." Ency. Pl. & Pr. vol. 10, p. 317. But, if the sole purpose and effect of the interrogatories to the witness, or of the testimony otherwise offered, in contradiction of his statements, is to discredit him, then such interrogatories and such testimony are inadmissible, unless the party offering it had been entrapped into calling a hostile witness; and, even in such case, it is not sufficient to justify the impeachment of the witness that he should have failed to give the testimony that was expected of him, but it is necessary that he should have testified against the party calling him, and in favor of his opponent, in some material matter. State v. Vickers, 47 La. Ann. 1574, 18 South. 639; State v. Felix Robinson et al., 52 La. Ann. 626, 627, 27 South. 124; Ency. Pl. & Pr. vol. 10, pp. 316–320.

The bill of exception to the overruling of the motion for new trial presents an additional point, relating to an attempt to prove by some of the jurors certain alleged irregularity or misconduct in connection with the finding of the verdict, but, as the case must be remanded for the reasons already stated, and as the conditions (upon which the point referred to are predicated) are not likely, as we imagine, to arise upon a second trial, we omit its consideration.

For the reasons thus assigned, it is ordered, adjudged, and decreed that the verdict and judgment appealed from be set aside and annulled, and it is further adjudged that this case be remanded to the district court, to be there proceeded with in accordance with law.

PROVOSTY, J., concurs in the decree, but cannot concur in the proposition that in a case not depending upon circumstantial evidence alone a juror may be excluded for cause on the ground that he would not convict on circumstantial evidence alone.