BARHAM, Justice,
(dissenting).
I respectfully dissent from the majority’s determination that there was no merit in Bills of Exception Nos. 3, 7, 8, 9, and 11.
Counsel for defendant attempted to inquire of several jurors whether they could accept and apply a rule of law which is little understood by laymen and which even the best of judges have difficulty in applying in all cases. The legal presumption of innocence which is supposed to clothe a defendant is very often given only lip service. It is most difficult for many, and impossible for some, prospective jurors to accord this presumption to an accused. The accused often stands before the bench under indictment. The very first thing heard by the empaneled jurors is the ominous intoning of the indictment, which contains the following or similar language: “The Grand jurors * * *, good and lawful men * * *, acting in the name and by the authority of the State of Louisiana, on their oath present” that the accused acted “in contempt of the authority of the State of Louisiana, and against the peace and dignity of the same”. The bill of information merely substitutes the district attorney as that awesome authority who has presented the accused as being in contempt of the authority of the State. The wording of the indictments may vary in the different parishes, but the substance and the overtones of every indictment make it very difficult for anyone, especially a lay person, to thereafter truly cloak an accused with a presumption of innocence. Moreover, arrest and detention are so foreign and abhorrent to some jurors that a presumption of wrongdoing and guilt attaches from that mere fact alone. Prospective jurors sometimes have strong predilections that police officers are able to determine the guilt of an accused, and therefore to such jurors any affidavits or presentments by these officers against the accused carry a presumption of guilt.
I would agree that it is the court’s obligation to instruct as to the law, but I believe it very necessary that both the State and the defendant be accorded the opportunity of inquiring of a juror whether cer *1155 tain laws can be accepted by him. For example, the State inquires (and must do so with great caution and care) in a capital case .whether a juror can apply the law which requires a penalty of death if an .unqualified verdict is returned. Certain .faiths and creeds adhered to by people in this country would make it impossible in many cases for them to serve — sometimes from the State’s point of view, sometimes from the defendant’s — and fairly discharge their duty to apply all laws charged by the court.
We have held repeatedly, and it is a common practice in the trial court, that the State has a right to inquire on voir dire examination whether a prospective juror will convict on circumstantial evidence. More than that, we have held that an answer from a juror that he could not convict on circumstantial evidence is a ground for challenge for cause. State v. Frier, 45 La.Ann. 1434, 14 So. 296; State v. Barker, 46 La.Ann. 798, 15 So. 98; State v. Stephens, 116 La. 36, 40 So. 523. I respectfully suggest that it is at least equally important to determine whether a prospective juror will accord the defendant the presumption of innocence, will require the State to prove every ingredient of the crime, will not require the defendant to make any proof, and will not carry any presumption of guilt into the case because of arrest or indictment.
Voir dire examination serves the purpose of searching the mind of the juror and determining whether he can be fair and impartial in a criminal prosecution to both the State and the defense. It may be carried on in a manner which is not unduly burdensome to those attending the court, especially when that burden is balanced with the rights which are sought to be protected in that proceeding — the rights of the accused and the rights of the State. Subject to review for abuse of discretion, the examination is regulated by the trial judge, and repetition and irrelevancies should be controlled.
I believe it to be an abuse of discretion of the trial judge to instruct counsel for defendant, or in another case it may be counsel for the State, that he cannot inquire of certain prospective jurors whether they can apply what may appear to some to be an unacceptable principle of law. I am of the opinion that the questions in this case which were designed to establish whether a prospective juror could truly accept and apply a difficult standard of law were good and even necessary voir dire examination. While men of the bench and bar are trained to accept the legislative will and apply it even when they believe it to express bad law, if we but search deeply we find how difficult it is to discharge our duties when confronted with what we believe to be bad law. Laymen are filled with prepossessions and predilections concerning certain laws, *1157 and a confusion or misunderstanding in the mind of a juror concerning certain facets of the law is dispelled only with great difficulty. The voir dire examination serves the vital purpose of searching for bias and prejudice and predilections. It may serve the purpose of cleansing the juror’s mind of those erroneous beliefs which are not too strongly implanted. It offers the court the opportunity to excuse for cause those who cannot apply the law, and it offers to the State and the defense the opportunity of excusing peremptorily those jurors who they doubt can put aside certain deepseated bias or prejudices.
I well understand the trial court’s desire to conserve time in voir dire examination, but conservation of time is not always expeditious justice. Even under the pressure of the need for making more court time available for all litigants, the court cannot deprive the litigants before it of valuable rights. If an accused is to be accorded a jury trial, it certainly is most essential that he be accorded a fair and impartial jury. This can only be determined through some method of interrogation to seek for the bias and prejudice which would make a juror incompetent. Federal courts in an effort to conserve time have adopted in general a practice of interrogation by the judge, with the right reserved in counsel to submit pertinent additional interrogatories. Nevertheless these judges have apparently assumed that a juror’s state of mind in regard to presumption of innocence and attendant matters is proper voir dire examination.
Our own trial courts, including the one in this case, have apparently with little if any deviation believed a voir dire examination such as is here in question to be proper. Even our Supreme Court has recognized the need for pre-empaneling discovery of bias and prejudice of jurors concerning the legal principles that the defendant is presumed innocent, that an indictment carries no weight as to guilt, and that the State must prove every element of the offense beyond a reasonable doubt. See State v. Perioux, 107 La. 601, 31 So. 1016; State v. Morgan, 147 La. 205, 84 So. 589; State v. Newton, 241 La. 261, 128 So.2d 651. Our sister state of Alabama follows the federal practice and apparently also believes the interrogation on this basic concept to be a valid part of voir dire examination. Aaron v. State, 273 Ala. 337, 139 So.2d 309.
While I do not advocate lengthy voir dire examination, I am compelled to believe that the questions which were tendered the prospective jurors here were so pertinent, so valid, and so valuable on voir dire examination that it was reversible error for the trial court to refuse the questions.
I question seriously the majority’s determination under Bill of Exception No. 12 *1159 that argument and proof concerning the theft of an automobile were proper. That crime was not at issue, nor was evidence of such an offense admissible for any other purpose.
I respectfully dissent.