BRUNOT, J.
 

 The defendant was indicted and tried for murder. The jury returned, a verdict finding him guilty of manslaughter, and recommending him to the mercy of the court. In due course he was sentenced to serve not less than six, nor more than ten, years at hard labor in the state penitentiary. Prom the verdict and sentence he appealed.
 

 There is one bill of exceptions in the record. The bill, in substance, recites that, during the progress of the trial, witness J. A. Chapman was sworn and testified as a witness for defendant. While being examined in chief by counsel for defendant, the witness was asked the following questions:
 

 “Q. You have stated, Mr. Chapman, have you not, that you have known witness, Joe Lewis (a witness for the state) for ten years, during eight of which he has lived with you on Franklin plantation?
 

 “A. Yes.
 

 “Q. State to the jury, Mr. Chapman, what is the mental capacity of this witness,-Joe Lewis.”
 

 The state objected to the witness testifying to the mental capacity of Joe Lewis, and based the objection upon the ground that such testimony was not admissible, for the reason that witness Chapman was not a physician or an alienist, but a plantation manager, and therefore could not testify as to the mental capacity of any witness. Counsel for defendant stated to the court that he expected to prove by Mr. Chapman that the state witness, Joe Lewis, was a half-wit. The court sustained the state’s objection, and excluded the testimony; the defendant excepted to the ruling; and the bill of exception in the record was reserved thereto.
 

 The trial judge signed the bill without comment or per curiam. We therefore accept it as containing an accurate recital of the facts.
 

 In the brief filed by the state in this case, the sole ground urged as a reason why the verdict and sentence should be affirmed is that:
 

 “Neither the bill of exception nor the note of evidence attached thereto show that this bill was completed by having the jury retired and the witness answer the question. It is well settled that an objection to the exclusion of testimony does not show prejudice unless the question is answered.”
 

 
 *477
 
 We fail to see how the state’s contention applies to, or can affect, the defend.ant’s right to invoke the rule governing the admissibility of nonexpert testimony to prove insanity or mental incapacity. The general rule, and the reasons for it, are thus stated in 22 C. J. pp. 604, 605, 606:
 

 “The generally accepted view in the United States is that the inference of a properly qualified, although unskilled, observer, as to the sanity or insanity of a person, may be received. The rule in this respect is the same in England, where it has been recognized and applied both in the ecclesiastical courts in proceedings involving the question whether a testator was of unsound mind, and in the common-law courts; and in Canada. Reasons for the rule are found in the considerations that the facts showing insanity, in their entirety, frequently elude accurate, complete and detailed statement which renders it difficult to afford a satisfactory basis for the judgment of an expert; that many witnesses can make a correct inference more readily than they can make a detailed statement; that, as commonly presented to observation, insanity is readily detected, if carried beyond a certain point; that an unskilled observer may be quite as able as an expert to make a clear mental comparison between the acts and conduct of á sane person and those of one who is laboring under mental disability; and that to reject the inference of an observer with suitable opportunities and faculty for observation is to refuse to consider evidence which is frequently of the highest possible value.”
 

 Where the issue is one of insanity, and the opinion of a nonexpert witness is offered to prove insanity, the generally accepted rule is that, before the opinion of the nonexpert can be received in evidence, the witness must first testify to the specific facts upon which his opinion is founded. State v. Lyons, 113 La. 959, 37 So. 890; State v. Montgomery, 121 La. 1008, 46 So. 997. In 11 R. C. L. p. 570, the rule is stated as follows:
 

 “In simple cases, such as that of intoxication, the witness may be permitted to state directly that the man in question was drunk or sober, leaving the observed facts on which he bases this conclusion to be brought out on cross-examination; but if the case is at all complex and the conclusion one that calls for the exercise of judgment and reflection, as an opinion in regard to one’s sanity or insanity, the witness is generally required first to state the evidential facts, the facts of observation, before he may give his opinion as to the fact inferred. * * * The competency of the non-expert consists chiefly of his having observed the facts sufficiently to enable him to form a reliable opinion, and the question is largely one of discretion for the trial judge.”
 

 In this case, the testimony of Mr. Chapman was objected to and excluded upon the sole ground that the witness was neither a physician nor an alienist. We think the objection should have been overruled, and that the exclusion of the testimony, upon the sole ground that the witness was not an expert, was prejudicial error.
 

 For the reasons stated, the verdict and sentence are avoided and set aside, and the case is remanded to the lower court to be -tried according to law.
 

 ST. PAUL, J., concurs in the decree.