ROGERS, Justice.
 

 Kazel Pugh appeals from his conviction and sentence for the crime of burglary. The record contains five bills of exception, only one of which we find it necessary to consider. This is bill of exception No. 3.
 

 The record discloses that the defendant failed to appear in court on the date specified in his appearance bond, and that on motion of the district attorney the bond was ordered forfeited. A few days later the defendant appeared in court, waived arraignment, and pleaded not guilty. The case was then fixed for trial. When the appointed day arrived, there being other cases fixed for trial on that day, the case against defendant was called for trial the next day. After having had the names of his witnesses called, defendant ascertained that Carl Ashford, Jr.,. one of the witnesses, was not present, and defendant objected to going to trial in his absence.
 

 In bill of exception No. 3, defendant complains that he was forced to trial over his objection and in the absence of his witness. The bill of exception recites that when the .case was called. for - trial, “after
 
 *272
 
 having had the names of witnesses for the defendant called, the defendant found that a witness, Carl Ashford, Jr., who had been by him summoned, was not present, objected to going to trial in his absence. Before ruling on this objection, the Court, at the request of the district attorney, informed the defendant and his counsel, that he felt that the objection was good and felt disposed to grant a continuance, but that if a continuance was granted, he would not set aside the bond forfeiture heretofore previously entered in this matter. Whereupon, counsel for the defendant withdrew their objection to going to trial in the absence of the witness, Carl Ashford, Jr., and requested the Court to have the bond forfeiture entered as aforesaid set aside. This motion was overruled by the Court, to which ruling the defendant, through counsel, then and there excepted. At this time the district attorney advised the Court that if the defendant would proceed to trial he would after trial and verdict move to set aside the bond forfeiture and under 'this condition, counsel for the defendant waived the presence of the witness, Carl Ashford, Jr., • and announced ready for trial.”
 

 The per curiam attached to the bill reads as follows: “On the date of the trial of this case, there was one witness, Carl Ash-ford, Jr., absent, as set forth in the bill of exception. This Court has always adopted the policy that a ruling favorable to the defendant should be granted where due diligence has been shown by counsel for defendant' in obtaining his witnesses. However, in this case the defendant elected to waive the presence of the witness, Carl Ashford, Jr., and go to trial, which he did, and the minutes of the Court reflect that this was done, and, therefore, there could be no merit in this bill of exception or objection to being tried without the presence of the witness.”
 

 Answering the complaint embodied in defendant’s bill of exception, counsel for the State insist that defendant not only waived the presence of the witness and announced himself ready for trial, but defendant also failed to file an application for a continuance in the manner and form prescribed by Articles 321 and 322 of the Code of Criminal Procedure.
 

 Inasmuch as the recitals of the bill were not traversed nor their correctness in any manner impugned, either by the trial judge or by counsel for the State, we must accept them as true. It does not. appear from the record that at the time defendant objected to going to trial in the absence of the witness and moved for a continuance, the State opposed the motion for a continuance on the ground that the motion was not made in the form prescribed by the codal articles. If such objection had been made at the time, it is obvious that counsel for defendant would have met the objection by making a formal application for the continuance.
 

 Under the circumstances set forth in the bill of exception, the questions as to the manner and form of the application for a continuance, of due diligence, and of materiality of the testimony of the absent witness pass out of the case.
 

 While the safety of society requires the expeditious trial of persons
 
 *274
 
 charged with violating the criminal laws, at the same time justice requires that such persons shall have a reasonable time within which to procure the attendance of their, witnesses. It is the constitutional and statutory right of a persori charged with a criminal offence to have compulsory process in obtaining witnesses in his behalf. Constitution 1921, Art. 1, sec. 9, Code Crim.Proced., Art. 144 et seq.
 

 The bill of exception and the attached per curiam show the trial judge considered that defendant was entitled to the continuance applied for and that he would have granted the application if defendant had not waived his right to a continuance because of the declaration of the district attorney that if defendant insisted upon a continuance, he would demand the enforcement of the bond forfeiture previously entered. In these circumstances, we do not think it can be said that the defendant voluntarily waived his objection to going to trial in the absence of a witness in his favor. In the objection of the district attorney to the granting of a continuance and the statement of the trial judge predicated on the objection, if a continuance were granted, he would not set the bond forfeiture aside, there was plainly that which was coercive upon the free will of the defendant. As free will is necessary to the waiver of a person’s legal rights, a person actually coerced into such waiver has no will on the subject, is not responsible for his act, and is not bound thereby.
 

 • We do not - sed how the State could have been injured by the continuance sought, while the defendant, on the other hand, may have suffered great injury by being forced to an immediate trial in the absence of a witness in his favor, which witness defendant had timely and regularly summoned.
 

 For the reasons assigned, the conviction and sentence are annulled, and the case is remanded to the district court to be retried according to law.