McCALEB, Justice.
Appellant was convicted of incest, in that he had sexual relations with one of his daughters, and was sentenced to ten years imprisonment at hard labor in the State Penitentiary. During the course of the proceedings, he allegedly reserved 26 bills of exception upon which he relies for a reversal of his conviction.
 An examination of the record discloses that the so-called bills of exception do not conform to the requirements of Articles 499 and 500 of the Code of Criminal Procedure,[1] most of them being so carelessly drawn that they are indefinite, confusing and, in some instances, practically unintelligible. In addition, the trial judge has signally contributed to the condition of the record by failing to append a per curiam to any of the bills and has violated the provisions of Article 504 of the Code of Criminal Procedure [2] by not certifying at the foot of *937 each bill the reason why a per curiam has not been furnished. Notwithstanding these deficiencies, we have undertaken an analysis ■of the respective contentions of defense counsel and find that, in at least one instance, prejudicial error occurred which" necessitates the remanding of the matter for a new trial.
It appears from the record that, while ■appellant was testifying in his own behalf, he was asked on cross-examination whether he ever tried to have intercourse with Mrs. Skelton, another daughter. Counsel for the defendant objected to the question; his objection was overruled and appellant answered in the negative. In another part of his examination, he was asked whether he did not attack Mrs. Breaux, a stepdaughter, and attempt to have intercourse with her. Counsel for the defense again objected, the judge overruled the objection and appellant denied the charge. Despite the negative answers of appellant, the State thereafter produced Mrs. Skelton and Mrs. Breaux in rebuttal and they were permitted to testify, over defense counsel’s objection, that appellant had regularly indulged in sexual intercourse with Mrs. Breaux during 1929 (almost 20 years prior to the commission of the crime herein charged) and that he attempted to have intercourse with Mrs. Skelton in 1938.
Since, as above stated, the reasons for the rulings of the trial judge on the objections of defense counsel to the foregoing evidence are not to be found in the record, we have no way - of ascertaining why he thought the evidence was admissible. Nor does the record show the purpose of the State in attempting to elicit from appellant on cross-examination whether he had illicit relationships with other members of his household (although it seems apparent that the rebuttal evidence of Mrs. Skelton and Mrs. Breaux was introduced for the purpose of contradicting appellant). Be this as it may, counsel for the State contend in this court that the evidence was admissible for the purpose of showing appellant’s criminal intent and the case of State v. Cupit, 189 La. 509, 179 So. 837 is relied on in support of their position. Under the circumstances, we are compelled to consider whether the evidence should have been received for the limited purpose of showing intent.
We think it clear that the evidence was irrelevant to exhibit criminal intent on the part of appellant. Whereas Article 445 of the Code of Criminal Procedure declares that evidence of similar acts are admissible to show intent, such proof is receivable only in cases where intent forms an essential part of the inquiry. Article 446, Code of Criminal Procedure.
*939 The' crime of incest “is the marriage to, 'or -cohabitation with, any ascendant or descendant, brother or sister, uncle or liiece, aunt or nephew, with knowledge of their relationship.” Article 78, Criminal Code. The elements of the offense are the intercourse coupled with knowledge of the relationship. Intent is not an ingredient of the -crime. This being so, evidence of the commission of similar but disconnected offenses with other members of appellant’s household would have been inadmissible for the purpose of showing, intent had the State offered it for that limited purpose on its case in chief. Therefore, it follows that it was irrelevant when sought to be elicited from appellant on cross-examination and by other impeaching testimony on rebuttal.Articles 494 and 495, Code of Criminal Procedure.[3]
The case of State v. Cupit is plainly distinguishable for, there, the charge was assault with intent to commit rape. The evidence of separate and disconnected crimes of- the-same nature was held to be admissible to show intent only because intent was an essential ingredient of the crime charged.
The conviction and sentence are reversed and set aside and the case is remanded to 'the District Court for a new trial.-
PONDER, J., recused.

. “499. * * * On tlie trial of all criminal cases, whenever a bill of exceptions shall be reserved to the ruling on any objection, the court shall at the time and without delay order the clerk or the stenographer to take down the facts upon which the objection and the ruling are based, together with the objection, tho ruling and the reasons of the ruling, which statement, objection, ruling and reasons, so taken down, shall be preserved among the records of tho trial, and shall, when signed, by the judge, constitute the bill of exceptions; provided that whenever a bill has been reserved the judge may be coerced by mandamus to sign the same.”
“500. * * * The bill of exceptions must show the circumstances under which and the evidence upon which the ruling complained of is based; and the accused is without right to have taken down any evidence except that which is necessary as a basis for his bill; he can not require that any evidence be taken down that appertains to guilt or innocence.”

. “504. * * * Whenever necessary the trial judge shall append to the bill of exceptions a per curiam in order that *937 the appellate court may be fully informed as to all of the circumstances pertaining to the questions raised by the bill. If the bill of exceptions requires no per curiam comment, the judge shall so certify at the foot of the bill at the. time he signs the same.”

. If the evidence sought to be adduced on cross-examination of a defendant, is collateral to the issue, it is incompetent 'as impeaching evidence and the answers given by the witness cannot subsequently be contradicted by the party putting the question. State v. Swindall, 129 La. 760, 56 So. 702; Wharton’s Criminal Evidence, 11th Ed., Vol. 3, Section 1353 and State v. Ward, 166 La. 806, 118 So. 26.