80 So.2d 89

STATE of Louisiana

v.

Gerard F. SLACK.

No. 42189.

March 21, 1955.

Rehearing Denied April 25, 1955.

James I. McCain, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

McCALEB, Justice.

Appellant and one Elmo Badon were charged in the Criminal District Court for the Parish of Orleans with violation of R.S. 14:106 relative to obscenity in that they sold, exhibited and possessed lewd, lascivious and sexually indecent· prints. They pleaded not guilty and were tried before the judge, appellant being found guilty as charged and Badon not guilty. Thereafter, appellant filed a motion for a new trial, which was overruled, and he was sentenced to serve eighteen months in the parish prison. Hence, this appeal.

The record reveals that there were no bills of exceptions taken during the trial and the sole bill presented for consideration is that reserved to the overruling of the motion for a new trial. The basis of this motion is that appellant was wrongfully required to go to trial in the absence of his counsel. Specifically, it is alleged that, shortly after his arrest in June of 1954, appellant had employed an attorney to represent him and that he had been instructed by this attorney to contact him when he received·a notice of trial; that on October 13, 1954, appellant was served with a notice that his trial had been fixed for October 18, 1954; that, on October 15, he consulted his attorney, who then informed him that he would be unable to represent him as he had another case fixed for that date; that appel-

lant contacted another attorney on the following day, October 16, and that this attorney agreed to represent him provided he was able to obtain a continuance of the case; that, on the day of the trial, the attorney requested a continuance but that his motion was refused by the judge; that, thereupon, the case was called for trial and that appellant personally requested a continuance for the purpose of obtaining counsel but that his request was refused.

■ It is manifest that the bill of exceptions presents nothing for review. Imprimis, we observe that the allegations of the motion for a new trial are not supported by the record as the minutes of the court exhibit that appellant appeared for trial unattended by counsel and that the trial proceeded in due course "Both sides being ready, * * *". Although the allegations of the motion for a new trial are sworn to by appellant, no proof was offered to sustain them, the minutes showing that, after the motion was ordered filed, the matter was submitted by both sides and that the court then denied the motion.

■ Article 507 of the Code of Criminal Procedure, R.S. 15:507, declares that "Every motion for a new trial must specify the grounds upon which relief is sought, must be tried contradictorily with the district attorney, and the proof must correspond with the allegations of the motion."

Conformably with this provision, it was held in State v. Washington, 169 La. 595, 125 So. 629 that if the allegations of a motion for a new trial are not supported by proof, it is properly overruled. See also State v. Martin, 151 La. 780, 92 So. 334.

■■ Furthermore, since appellant's alleged application for a continuance of the case and the asserted ruling thereon is not patent on the face of the record (as above stated, it was not shown on the minutes), the claimed error cannot be availed of as a ground for a new trial.[1] Article 510 of the Code of Criminal Procedure, R.S. 15:510, specifies that any such irregularities must be objected to at the time of their occurrence and a bill of exceptions reserved to the adverse ruling of the court upon such objection. "Failure to reserve a bill at the time of the ruling operates as a waiver of the objection and as an acquiescence in the ruling."

■ Counsel for appellant, however, contends that we must accept the allegations of the motion for a new trial as true for the reason that the motion is made part of the bill of exceptions, and that the recitals of the bill have not been corrected or contradicted by the trial judge.

There is no merit in the point. Whereas it is well settled that recitals of a bill of exceptions not traversed by a trial judge will be accepted as true,[2] this rule refers

---

1. State v. Augusta, 199 La. 896, 7 So.2d 177 and cases there cited.

2. State v. Bellard, 132 La. 491, 61 So. 537; State v. Benoit, 144 La. 276, 80 So. 329 and State v. Pugh, 194 La. 269, 193 So. 643, cited by counsel for appellant.

only to unchallenged recitals of facts contained in bills of exceptions and cannot be extended to allegations which have been pleaded but have not been sustained by proof. In the case at bar, it is asserted in the bill of exceptions that appellant applied for a new trial and then the motion is incorporated in toto in the bill as part thereof. In these circumstances, the judge could hardly deny the fact that a motion for a new trial, containing such allegations as set forth in the bill, had been filed. But it does not follow that, by the expedient of copying the motion for a new trial in the bill, the unproved allegations of the motion attain the status of proven facts or must be taken as true and we know of no authority giving countenance to such a proposition.

The conviction and sentence are affirmed.

SIMON, J., dissents.