112 So.2d 432

**STATE of Louisiana**

v.

**Melvin J. McCRORY.**

No. 44412.

June 1, 1959.

Sargent Pitcher, Jr., Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty., Thomas B. Pugh, Ralph L. Roy, Asst. Dist. Attys., Baton Rouge, for appellee.

McCALEB, Justice.

Melvin J. McCrory, having been convicted of simple burglary and sentenced to three years at hard labor in the State penitentiary, has prosecuted this appeal relying on four of the six bills of exceptions reserved by him during the pro-

ceedings as grounds for a new trial. In addition, he claims the nullity of his conviction by reason of an alleged defective bill of information, which he challenged by a motion in arrest of judgment. The overruling of this motion is specified here as an error patent on the face of the record (see Article 503 of the Code of Criminal Procedure—R.S. 15:503) and we address our immediate attention to its consideration.

The information charges that appellant " * * * did violate R.S. 14:62 in that you entered without authority a structure known as Put's Place, the property of Adam Walker, with the intent to commit a theft therein, * * * ".

R.S. 14:62 defines simple burglary as " * * * the unauthorized entering of any * * * dwelling or other structure, * * * with the intent to commit any forcible felony or any theft therein, * * * ". The contention of defense counsel is that, since the short form for simple burglary prescribed by Article 235 of the Code of Criminal Procedure (R.S. 15:235) was not employed, the indictment is fatally defective because the State has not strictly adhered to the statutory provisions in pleading the charge.

There is no merit in this proposition. Comparison of the recitals of the information with the statute discloses that each and every element of the crime of

simple burglary is set forth in the bill, that is, the unauthorized entry of a structure of another with the intent to commit a theft therein. Article 227, Code of Criminal Procedure (R.S. 15:227) declares that "The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used." The bill in this case fully informs the accused of the nature and cause of the accusation which is all that is necessary under the well-established jurisprudence.[1]

The object of the burglary was allegedly the theft of whiskey and, when Deputy Sheriff Johnson was being cross-examined, he was asked what had been done with the whiskey he had secured as evidence. He replied that he had turned it over to the assistant district attorney and that, thereafter, he had no knowledge as to its disposition. Thereupon, counsel for appellant requested the judge to order the prosecution to produce in evidence the bottles of whiskey about which· the witness had testified. Before the court ruled, the assistant district attorney stated that he would produce the whiskey when he thought it was appropriate and not until then. Defense counsel, nevertheless, insisted on its production at that time, stating that the witness had testified at length on direct examination about the serial numbers appearing on the whiskey bottles and that these bottles constituted the best evidence. When the court refused to accede to counsel's request, Bill of Exceptions No. 2 was reserved.

In contending that it was prejudicial error for the judge to deny his request for the production of the whiskey, defense counsel relies mainly on Article 436 of the Code of Criminal Procedure (R.S. 15:436), which states:

"The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced."

The district attorney apparently does not take issue with counsel's position that the best evidence rule required that the State offer the bottles of whiskey. But it is proclaimed that the demand of defense counsel was merely an attempt by him to regulate the order of the prosecution's proof, a matter over which the judge had no right of control. R.S. 15:318.

The fallacy we find in this argument is that the record does not show that

1. State v. Ward, 208 La. 56, 22 So.2d 740; State v. Varnado, 208 La. 319, 23 So.2d 106; State v. Pizzolotto, 209 La. 644, 25 So.2d 292; State v. Pullin, 210 La. 918, 28 So.2d 609; State v. Murff, 215 La. 40, 39 So.2d 817; State v. Richardson, 220 La. 338, 56 So.2d 568 and State v. Scheuering, 226 La, 660, 76 So.2d 921.

the State produced the bottles of whiskey at any stage of the trial. We note in this connection the failure of the judge to append per curiams to any of the bills of exceptions and that he has violated the provisions of Article 504 of the Code of Criminal Procedure (R.S. 15:504) [2] by not certifying at the foot of each bill the reason why a per curiam has not been furnished. See State v. Alexander, 216 La. 932, 45 So.2d 83.

In the absence of a per curiam, we must accept the statements contained in the bills as correct. Hence, we have before us only the refusal of the judge to require the prosecution to produce the best evidence which was concededly in its possession and which, according to the record, has not been shown to have been offered at the trial. The language of R.S. 15:436 is mandatory; the rejection of counsel's request denied appellant a substantive statutory right.

Bills of Exceptions Nos. 4 and 5 are also well taken. Bill No. 4 was reserved when the judge overruled the objection of defense counsel to the State's offer of the court order fixing the appearance bond of appellant and also the bond itself, the ground of the objection being that the evidence was irrelevant and immaterial and could only serve to prejudice appellant before the jury. As part of this bill, counsel attached the evidence of one Luther Dodge who was called by the State and who testified, over repeated objections, that appellant had gone to Chicago, Illinois after his bond was executed and that the surety had him taken in custody there and returned to East Baton Rouge Parish.

That this evidence was irrelevant and could serve only to prejudice appellant before the jury we have not the slightest doubt. Article 441 of the Code of Criminal Procedure (R.S. 15:441) defines relevant evidence as that tending to show the commission of the offense and the intent or tending to negative the commission of the offense and the intent. Obviously, the appearance bond furnished by appellant and the circumstance that the bondsman brought appellant from Chicago to Baton Rouge, where he was placed in custody, had no bearing whatever on his guilt or innocence, or his intent.

The State, in its brief, attempts to justify the introduction of this evidence on the basis that it was elicited for the purpose of counteracting certain statements of

2. "504. * * * Whenever necessary the trial judge shall append to the bill of exceptions a per curiam in order that the appellate court may be fully informed as to all of the circumstances pertaining to the questions raised by the bill. If the bill of exceptions requires no per curiam comment, the judge shall so certify at the foot of the bill at the time he signs the same."

defense counsel in which he is alleged to have stated or insinuated that the prosecution had been guilty of dilatory tactics and that it had arrested appellant and brought him to trial because he was an ex-convict.

Since there is nothing contained in the bill of exceptions or in the record to show that defense counsel engaged in the tactics claimed in the State's brief, it appears to us that the district attorney's position is founded on a false premise, similar to that in which he indulged in respect of Bill of Exceptions No. 2. Here, again, ·in the absence of a per curiam of the trial judge, appellant's claim of error is to be determined by the statements and facts contained in the bills of exceptions and not by the prosecution's assertions of purported facts dehors the record.

Bill No. 5 is in the same category as Bill No. 4. It was taken to the overruling of defense counsel's objection to the testimony of the court stenographer who stated that appellant did not appear in response to a notice for arraignment on March 12, 1958 and that a bench warrant was issued for his arrest.

The conviction and sentence are annulled and the case is remanded for a new trial.

112 So.2d 435