McCALEB, Justice
(dissenting).
I am convinced that the trial judge committed reversible error in this case in at least one particular.
Bill No. 16 was taken to the overruling of defense counsel’s challenge for cause of a prospective juror, Roy Carter, who-testified on his voir dire examination, according to the recital of the bill, “that he had conscientious scruples against returning a verdict of guilty without capital punishment.” This bill was signed by the judge who failed to append a per curiam thereto (or, for that matter, to any of the bills of exceptions taken in the case) or to certify at the foot of the bill the reason why a per curiam was not furnished.[1]
In an effort to justify the judge’s denial of the defendant’s challenge for cause, the majority opinion undertakes a review of the evidence of Roy Carter on his voir-dire *1140 examination,’ which was made part of the formal bill, and construes his answers to. the questions propounded as meaning that he had no conscientious scruples against a verdict of guilty without capital punishment. • '
An examination of this evidence, appear-' ing on pages 18 and 19 of the prevailing opinion, reveals that Mr. Carter, when first asked the question as to his conscientious scruples respecting a qualified verdict of guilty without capital punishment, hesitated in answering and thereupon the judge declared:
“The Court charges you can bring in a verdict of guilty as charged, or a qualified verdict of guilty without capital punishment, do you have any conscientious scruples about returning a qualified verdict of guilty without capital punishment? A. Right.”
Notwithstanding the answer and without further examination or comment, the judge ruled thg juror competent and defendant objected and reserved the bill.
The majority say that, considering Carter’s testimony as a whole, he was an impartial juror.and that
“ * * * The word ‘Right’ in answer to the question propounded, supra, indicates fo us that he understood that he could bring in a qualified verdict of guilty without' capital punishment and that he had no conscientious scruples ■about returning such qualified verdict. Carter used the word ‘Right’ when asked if he thought he could be fair to both sides. We consider such use a, mannerism * * *
I cannot subscribe to this conclusion for more than one reason. In the first place, the word “Right”, used by the witness in answer to the question propounded by the judge, was the equivalent of “yes” and not “no”, as the majority opinion would interpret the “mannerism” used. Thus, the witness answered, in effect, that he had conscientious scruples against returning a verdict of guilty without capital punishment in a case of this kind—for, as the majority correctly observes, “Carter used the-word ‘Right’ when asked if he thought he could be fair to both sides.” I assume that this observation means that Carter stated that he could be fair to both sides. If this is so, it follows that, when he again answered “Right” he meant “yes”.
■ But, even if Carter intended otherwise and the judge thought that he intended by his answer that he had no consciéntious scruples against a qualified guilty verdict in this type of case, there is nothing in the record to show this intention and, in the-absence of evidence or explanation by the judge, this Court is without right to attribute an- intent to the answer which is not indicated by the word used orto assume that the judge had a different view of the’meaning of the word. For all we know, the *1142 ' judge might have believed that a juror’s conscientious scruples against qualified guilty verdicts in rape cases did not constitute legal ground for a challenge for cause.
Apart from this, I entertain doubt that the majority should have even attempted to construe Carter’s evidence on his voir dire examination when the judge, in signing the formal bill of exceptions without attaching an explanatory per curiam thereto, officially admits, according to the recital of the bill, that Roy Carter “ * * * testified that he had conscientious scruples against returning a verdict of guilty without capital punishment.” It is well settled that, in the absence of a per curiam contradicting the recitals of the bill of exceptions, this 'Court must accept the statements contained therein as correct. State v. Bellard, 132 La. 491, 61 So. 537; State v. Benoit, 144 La. 276, 80 So. 329; State v. Madena, 165 La. 474, 115 So. 661; State v. Pugh, 194 La. 269, 193 So. 643; State v. Alexander, 216 La. 932, 45 So.2d 83; State v. Slack, 227 La. 598, 80 So.2d 89 and State v. McCrory, 237 La. 747,112 So.2d 432.
Hence, since Bill of Exceptions No. 16 shows on its face that the prospective juror, Carter, had conscientious scruples against returning a verdict of guilty without capital punishment in this case, the challenge for cause was well taken and should have been sustained. It is established that it is reversible error for a trial judge “* *• * to refuse to allow defense counsel to ask prospective jurymen on their voir dire ex- , animation whether they have conscientious scruples against imposing a qualified verdict in a capital case in the event the evidence convinced them of the guilt of the accused.” State v. Weston, 232 La. 766, 95 So.2d 305, 307, citing State v. Henry, 196 La. 217, 198 So. 910 and State v. Jackson, 227 La. 642, 80 So.2d 105. From this it follows that, when the question is asked and the juror answers that he does entertain such conscientious scruples, he is obviously disqualified from service and the challenge for cause is well founded.
In the instant case, the record shows that the ruling of the judge was highly prejudicial to the defendant and that he complied with the requirements of Article 353 of the Code of Criminal Procedure .(R.S. 15:353), as construed in State v. Breedlove, 199 La. 965, 7 So.2d 221. Having exhausted the twelve peremptory challenges allowed him by law, defendant attempted to exercise an additional peremptory challenge. When the judge denied his request, he was forced to accept “an obnoxious juror”. See R.S. 15:353.
Being of the opinion that defendant is entitled to a new trial, I respectfully dissent.

. This was violative of Article 504 of the Code of Criminal Procedure, K..S. 15:504 (see State v. Alexander, 216 La. 932, 45 So.2d 83 and State v. McCrory, 237 La. 747, 112 So.2d 432), which provides:
“Whenever necessary the trial judge shall append to the bill of exceptions a per curiam in order that the appellate court may be fully informed as to all of tbe circumstances pertaining to the: questions raised by the bill. If the bill of exceptions requires no per curiam comment, the judge shall so certify at the foot of the bill at the time he signs the same.”