285 So.2d 193 (1973)
STATE of Louisiana
v.
Alfred S. ALDERMAN.
No. 53623.
Supreme Court of Louisiana.
October 29, 1973.
Rehearing Denied November 30, 1973.
*194 Fredric G. Hayes, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Frank W. Summers, II, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Alfred S. Alderman was charged by bill of information with taking deer out of season, a violation of LSA-R.S. 56:123. The defendant was convicted after trial without a jury. The trial judge sentenced him to 30 days imprisonment and to pay a fine of $500.00. He appeals his conviction and sentence, relying on seven bills of exceptions.

BILLS OF EXCEPTIONS NOS. 1, 5, and 7
Bills of Exceptions Nos. 1, 5, and 7 are all rooted in the defendant's allegation that the search of the vehicle in which he was a passenger and his subsequent arrest violated the Fourth Amendment of the United States Constitution.
The record reflects that defendant was arrested on August 27, 1972, in Vermilion Parish by two agents of the Louisiana Wildlife and Fisheries Commission on routine *195 patrol in the Hope Mill Woods sector, an area under watch for deer poaching. One of these two agents, Ramke, was called at the trial. He testified that he and his partner saw a vehicle coming out of the woods area and commenced following it after it began to pick up speed. The vehicle then voluntarily pulled to the side of the road, and the agents approached it on foot from the rear. It was at that time that Agent Ramke and his partner noticed blood on the trunk of the car. Agent Ramke also testified that as he approached the front door of the car, he could see a bloody knife and several guns. He further testified that when defendant got out of the car, blood was splattered on his clothing.
Ramke read the occupants of the vehicle their constitutional rights and began discussing with the other agent whether to arrest the occupants and take them and the car to the Sheriff's office. It was at this time that the defendant volunteered to open the trunk where deer meat was stored and admitted that he was the one who had killed the animal.
Bill of Exceptions No. 1 was reserved when the defendants Motion to Suppress the items seized as well as any statements made was overruled.
Bill of Exceptions No. 5 was reserved when Agent Ramke was allowed to testify that the defendant admitted killing the deer found in the trunk of the car.
Bill of Exceptions No. 7 was reserved when the trial court overruled the defendant's motion to strike the entire testimony of Agent Ramke.
The defendant argues, in support of all three bills, that the physical evidence and testimony were all fruits of an unlawful search and arrest contrary to the decisions of the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), and Wong Sun v. U. S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
LSA-R.S. 56:14 provides in pertinent part:
"The commissioner through his officers, inspectors, and wild life agents, may search or examine any . . . car . . . for . . . game, or wild quadrupeds when there is good cause to believe that any law for the protection thereof has been violated."
LSA-R.S. 56:108 provided in pertinent part:
"The commissioner or any agent may visit or examine, with or without search warrant, any . . . car, conveyance, automobile or other vehicle . . . whenever they have probable cause to believe that any provision of this Subpart has been violated."
When there is probable cause to believe that the contents of an automobile offend the law, law enforcement officers may search an automobile without a warrant. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 41 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1928); Ringel, Searches & Seizures, § 291.01, pp. 374-380 (1972). Thus, the foregoing statutory provisions are consistent with the Fourth Amendment of the United States Constitution.
The evidence reflects that the agents were patrolling a wooded area known to be a haven for illegal deer poaching. They observed an automobile leave the woods and followed it. The automobile increased its speed and so did the agents. The automobile then pulled over to the side of the road and stopped. As the agents approached the vehicle, they saw what appeared to be blood on the trunk. When the agents moved closer, they saw rifles and a bloody knife in the automobile. Based upon all the circumstances, probable cause existed for a search of the automobile for a deer carcass.
Since there was probable cause, the State need not rely upon the alleged consent given to open the automobile trunk.
*196 Bills of Exceptions Nos. 1, 5 and 7 have no merit.

BILL OF EXCEPTIONS NO. 2
Bill of Exceptions No. 2 was reserved upon the denial of defendants Motion for New Trial. Defendant assigned three reasons to justify his motion. However, the only allegation not covered in other bills is the charge that the State failed to prove an essential element of the crime, that the defendant took a deer in closed season.
The trial judge states in his per curiam that:
"The evidence shows that the taking of the deer occurred on August 27, 1972, a time when no open season was permissible under LSA-R.S. 51:123 [56:123]."
LSA-R.S. 56:123 provides in pertinent part:
"A. DeerThe open season for deer shall be fixed each year by the Louisiana Wild Life and Fisheries Commission, in one or more periods, between October first and succeeding January twentieth of each year."
Bill of Exceptions No. 2 is without merit.

BILLS OF EXCEPTIONS NOS. 3 and 4
Bill of Exceptions No. 3 was reserved when the trial court allowed Agent Ramke to testify that the ice chest in the trunk of the car contained deer meat and Bill No. 4 was reserved when testimony was allowed, over defense objections, identifying the spots on the trunk of the car as blood.
The defense argues, in support of these exceptions, that LSA-R.S. 15:436, as interpreted by this Court in State v. McCrory, 237 La. 747, 112 So.2d 432 (1959), requires the production of the best evidence within the State's control. Here, the argument continues, that rule would require the production of the deer meat itself and photographs of the blood on the trunk.
LSA-R.S. 15:436 provides as follows:
"The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced."
Assuming without deciding, the statute is applicable here, there is no showing that photographs were ever taken and the record reflects that the meat, a perishable item, was transferred to the Vermilion Parish jail to feed the prisoners, in accordance with the usual procedure in game cases. Thus, neither of the items demanded by the defense were either available to or in the possession of the District Attorney at the time of trial.
Under these circumstances, the bills are without merit.

BILL OF EXCEPTIONS NO. 6
The bill of particulars filed by the State in this case states that the offense was committed between 8:00 p. m. and 10:00 p. m. Bill of Exceptions No. 6 was reserved when the judge allowed evidence indicating that the deer was shot and taken out of the woods shortly before dark. The position of the defense is that "shortly before dark" must be taken to mean before 8:00 p. m.
Dusk, however, falls late in August when daylight savings time is in force in Louisiana. Hence, the evidence does not necessarily conflict with the bill of particulars. We note, moreover, that the arresting agent testified that the events took place at around 9:00 p. m.
Bill of Exceptions No. 6 has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, J., recused.