466 So.2d 747 (1985)
STATE of Louisiana
v.
Raymond FORMAN, Sr.
No. KA 2240.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
*748 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
A twelve person jury found defendant guilty as charged of committing incest with his twelve year-old daughter in violation of La.R.S. 14:78. The court sentenced defendant to serve ten (10) years at hard labor. Defendant appeals assigning two errors to the proceedings of the trial court.
We have considered those errors designated by defendant and have also reviewed the record for any errors discoverable by a mere inspection of the pleadings and proceedings. La.C.Cr.P. Art. 920. We have also reviewed the sufficiency of the evidence. We affirm.

ERRORS PATENT
We have reviewed the record for any errors discoverable by an inspection of the pleadings and proceedings and have found none.

SUFFICIENCY OF THE EVIDENCE
The crime of incest "is the marriage to or cohabitation with any ascendant or descendant ... with knowledge of their relationship." La.R.S. 14:78. The elements of the offense are the intercourse coupled with knowledge of the relationship. State v. Alexander, 216 La. 932, 45 So.2d 83 (1950).
Defendant admitted he is the father of the victim. No evidence even suggests a lack of knowledge of the relationship. The victim testified that defendant had sexual intercourse with her on several occasions over approximately three years.
Three days following the particular act of sexual intercourse which led to defendant's arrest, an emergency room doctor examined the victim. The doctor found the condition of the victim's vagina to be unusual for a twelve year-old, and expressed his opinion of the condition's consistency with sexual intercourse on a regular basis.
The victim's mother related what she had observed regarding the defendant's actions, and testified concerning the relationship between the defendant and her and their daughter. The details corroborated the victim's testimony.
The victim's mother and two of her aunts (sisters of the defendant) testified to a *749 closeness with the victim and described her as a well behaved, intelligent, truthful child. Only defendant described the child as a mischievous, disciplinary problem, who frequently lied.
Defendant denied ever having sexual intercourse with his daughter. He stated that he had disciplined his daughter for receiving late night phone calls from boys and for staying out too late. He also complained of her relationships with boys. The testimony of the victim and the other witnesses contradicted all of defendant's accusations against his daughter.
Finally, defendant asserted that his wife had prompted the child to make these allegations because his wife was very jealous of his girlfriends.
We have reviewed all of the evidence and find that any rational trier of fact viewing the evidence in the light most favorable to the prosecution could have found every essential element of the crime to have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).

Assignment of Error No. 1
Defendant assigns as error the trial court's granting of the State's challenge for cause as to a prospective juror. The record reflects that the State used only three (3) of its eight (8) peremptory challenges. See La.C.Cr.P. Art. 799. La.C. Cr.P. Art. 800 B provides:
B. The erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law.
Even if the challenge for cause should not have been granted, therefore, defendant cannot complain because the State had not exhausted its peremptory challenges. State v. James, 431 So.2d 399 (La.1983), cert. denied, James v. Louisiana, ___ U.S. ___, 104 S.Ct. 520, 78 L.Ed.2d 705 (1983).
Further, the trial judge is vested with broad discretion in ruling on a challenge for cause. This ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Sylvester, 400 So.2d 640 (La.1981). The prospective juror said that he and defendant were friends, and that he saw him often because defendant went out with a friend of the juror's girlfriend's sister. He said that he did not want to sit on the case, but he thought that he could give everyone a fair trial. We find no abuse of discretion. La. C.Cr.P. Art. 797(3); State v. Albert, 381 So.2d 424 (La.1980).

Assignment of Error No. 2
Defendant argues that his sentence is excessive.
The sentencing guidelines of La.C.Cr.P. Art. 894.1 and the statutory limits for the crime for which defendant stands convicted direct the trial judge when imposing sentence. The sentencing transcript reveals compliance with Art. 894.1. The court made direct reference to the Article, articulated his consideration of those mitigating factors present in this case, and concluded "that under all of the circumstances a lesser sentence would deprecate the seriousness of defendant's crime."
Once compliance with Art. 894.1 is demonstrated, the trial judge is given great discretion in sentencing within statutory limits. Sentences imposed should not be set aside as excessive absent manifest abuse of discretion. State v. Trahan, 425 So.2d 1222 (La.1983). The ten years sentence imposed upon defendant is well within the statutory maximum of fifteen years. We do not find any abuse of discretion.
Accordingly, we affirm defendant's conviction and sentence.
AFFIRMED.