593 So.2d 888 (1992)
STATE of Louisiana, Appellee,
v.
Glen Carson OSBORNE, Appellant.
No. 23017-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
*890 James E. Calhoun, Natchitoches, for appellant.
William J. Guste, Jr., Atty. Gen., Kathleen E. Petersen, Asst. Atty. Gen., Dist. Atty. Ad Hoc, for appellee.
Before MARVIN, LINDSAY and BROWN, JJ.
BROWN, Judge.
Glen Carson Osborne appeals his conviction of aggravated rape and his sentence to life imprisonment without benefit of probation, parole or suspension of sentence. We find no merit to his arguments and affirm.
After his marriage in 1970, Osborne fathered a daughter, who was born November 24, 1971. In 1975 the family moved to Summerville in LaSalle Parish. In 1980 while living in LaSalle Parish, defendant commenced sexual intercourse with his daughter. Shortly before her eleventh birthday the family moved to Dodson in Winn Parish. The sexual intercourse continued on a regular basis in Winn Parish.
Osborne's conduct was exposed in 1988 when the daughter missed a menstrual period and believed she was pregnant. Osborne took his daughter to a doctor in Ruston but lacking the necessary money returned home. As the child's mother controlled the family finances, she was told of their fear that their daughter was pregnant. Osborne then confessed to his wife, the incestuous relationship. The mother took the daughter to a doctor in Ruston who confirmed the pregnancy. Both mother and daughter lied to Osborne while making plans for an abortion. When Osborne left to work seven days on an offshore oil rig, the mother instituted divorce proceedings and caused the daughter to have an abortion on July 1, 1988. The daughter was sixteen years old.
Osborne moved to Florida in September of 1988 about a year before he was indicted. He was extradited to Winn Parish in February 1990. A jury found him guilty in September 1990. The specific charge as amended was that Osborne committed aggravated rape in Winn Parish between 1980 (when his daughter was nine years old) and November 24, 1983 (when she reached age twelve.)
In three assignments Osborne contends that the trial court erred in admitting testimony of oral sex, the use of pornographic material and threats.
The victim testified that as a prelude to sexual intercourse she did perform oral sex on defendant and on occasions her father would show her pornographic material. She further testified that Osborne immediately threatened her after sex by warning of terrible consequences to the family if their relationship was exposed. At the conclusion of each sexual encounter defendant would read the Bible to the victim and weepingly ask her to pray for him. The oral sex and threats occurred before and after the daughter was twelve years old; however, the viewing of pornographic materials started after she was twelve and thus beyond the dates of the charge.
The acts of oral sex, use of pornography, and threats are admissible under LSA-C.E. Art. 404 B(1) which provides:
... evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
The oral sex and threats of which defendant complains constituted an integral part of the charged aggravated rape. The oral sex and threats are inseparable from the aggravated rape. Thus, we conclude that the testimony of oral sex and threats connected *891 with the incestuous relationship were properly admitted in this case as part of the commission of the charged offense.
Other sex crimes against the same victim are admissible in prosecutions for aggravated rape. State v. Baker, 552 So.2d 617 (La.App.2d Cir.1989), writ denied, 559 So.2d 136 (La.1990). See also State v. Acliese, 403 So.2d 665 (La.1980). The sexual acts that occurred after the victim was 12 years old were admissible as part of the continuing relationship between the victim and defendant. The viewing of pornographic materials as a prelude to intercourse was connected with and part of the other admissible acts of sexual intercourse. Under these circumstances there was no error in allowing this testimony.
Defendant also argues that the trial court wrongly admitted the records of the victim's abortion which was performed on July 1, 1988, when she was sixteen years old. Defendant knew from the Prieur notice, filed by the prosecution, that other crimes evidence concerning his incestuous relationship with his daughter after age 12 would be admitted at trial. State v. Rasberry, 564 So.2d 740 (La.App.2d Cir.1990). Because evidence of other acts of sexual intercourse were proper, it follows that the abortion records were admissible to corroborate the victim's testimony. The abortion was a direct result of defendant's incestuous conduct with his daughter over a long period of time. Because these incestuous acts were admissible pursuant to LSA-C.E. article 404 B(1) and following correct Prieur notices, the abortion records were relevant to confirm and prove the relationship.
Additionally, the victim testified without objection to her belief that she was pregnant and the events that led up to and included the abortion. No objection was made to the testimony of the victim and mother about the abortion. The medical records only corroborated that testimony. Defendant cannot say that he was surprised or further prejudiced by anything related to the abortion records. State v. Forman, 466 So.2d 747 (La.App. 4th Cir. 1985).
Defendant contends that insufficient evidence was presented to support the conviction. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The victim testified that defendant engaged in an ongoing pattern of sexual intercourse with her over a period of many years including the period of time they resided in Winn Parish prior to her twelfth birthday. This testimony, which was corroborated by defendant's statements, was more than sufficient to support the verdict. This assignment is without merit.
Defendant contends that the trial court exceeded its jurisdiction because during part of the time alleged in the amended indictment the family lived in LaSalle Parish. Defendant argues that from the verdict returned it is impossible to determine whether the jury found guilt based upon acts which occurred before or after the family moved to Winn Parish in 1982.
The evidence presented at trial demonstrated that the incestuous behavior of defendant started in LaSalle Parish in 1980 and continued after the family moved to Winn Parish in 1982. The daughter was below the age of twelve for over a year while living in Winn Parish. The sexual relationship continued in Winn Parish on a bi-weekly basis while the victim was under age twelve and thereafter until the child became pregnant at sixteen. The evidence at trial was sufficient to prove the crime occurred in Winn Parish within the time frame alleged in the amended indictment.
Finally, defendant contends that the bill of indictment was erroneously amended by the district attorney. The original bill of indictment charged defendant with aggravated rape on or about May 26, 1988. The district attorney amended the dates to charge defendant with aggravated rape occurring between November 24, 1980 and *892 November 24, 1983. The amended indictment clearly targeted defendant for prosecution pursuant to subsection 4 of LSA-R.S. 14:42 as the new dates preceded the daughter's twelfth birthday. Thus, the prosecutor no longer needed to prove force or threats of great bodily harm. Defendant did not object to the amendment or move to quash. Defendant argues that the amendment was an error patent. LSA-C.Cr.P. Art. 920(2).
After inspecting the State's original bill of indictment and the amendment, we find no error. Each informed the trial court of the offense charged so that it could regulate the evidence during trial, informed defendant of the nature and cause of the offense charged. Each would support a plea of former jeopardy. State v. Chanet, 209 La. 410, 24 So.2d 670 (La.1946); LSA C.Cr.P. Art. 461 et seq.
Defendant argues, however, that the grand jury in the original bill of indictment did not contemplate that the aggravated rape was without force or threats because the date given was when the daughter would have been sixteen years old. Defendant argues that the district attorney's amendment was a reinstitution of prosecution without a constitutionally required grand jury indictment.
Aggravated rape is punishable by life imprisonment and can only be instituted by a grand jury indictment. LSA-C.Cr.P. Art. 382. The specific issue for review is whether the bill of information filed by the district attorney amending the charge constitutes a new prosecution. Because the original indictment was not nolle prosequied, the bill of information amounted to a formal amendment of the grand jury's action. Defendant was charged by the short form indictment with the commission of aggravated rape upon his daughter in violation of LSA-R.S. 14:42. In the State's answer to defendant's bill of particulars, it was stated that defendant was being prosecuted under the provisions of LSA-R.S. 14:42(4) in that the victim was under the age of twelve. The indictment, when read in conjunction with the answer to the bill of particulars, was sufficient to apprise defendant of the nature and cause of the accusation against him.
A prosecutor may make substantive amendments to a grand jury indictment. Where the defense can show prejudice as a result of the amendment, the trial court may grant a continuance. State v. Neslo, 433 So.2d 73 (La.1983). In this case, the amendment to the indictment conformed it to the State's answer to defendant's bill of particulars. The amendment was months in advance of trial. There was no surprise or prejudice. Further, defendant did not object to the amendment or request a continuance. Thus, this amendment of substance was proper and it was not necessary to reconvene the grand jury. The amendment did not amount to a reinstitution of prosecution. State v. Davis, 385 So.2d 193 (La.1980); State v. Freeman, 447 So.2d 1145 (La.App. 3d Cir.1984). The indictment charged defendant with only one offense, aggravated rape. The fact that the statute lists certain acts necessary to prove aggravated rape does not alter the fact that only one offense was charged.
Where there is a variance between the dates alleged in the indictment and bill of particulars an amendment is proper. State v. Sheppard, 350 So.2d 615 (La.1977); State v. Glover, 304 So.2d 348 (La.1974). On the facts of this case, the amendment was timely and was properly accomplished by the prosecutor without a grand jury.

DECREE
The conviction and sentence are AFFIRMED.